(No. 25287.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EDWARD W. WESTRUP, Plaintiff in Error.

*Opinion filed December 12, 1939—Rehearing denied Feb. 7, 1940.*

CHARLES P. R. MACAULAY, for plaintiff in error.

JOHN E. CASSIDY, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, BLAIR L. VARNES, and MELVIN S. REMBE, of counsel,) for the People.

Mr. Justice Shaw delivered the opinion of the court:

The plaintiff in error, Edward W. Westrup, hereinafter referred to as the defendant, was indicted in the criminal court of Cook county, charged with the confidence game. On a trial by a jury, he was found guilty as charged and was sentenced to the penitentiary. This writ of error was sued out to review the record.

The defendant does not question the sufficiency of the evidence which shows that by a series of fraudulent real estate transactions whereby the confidence of the prosecuting witness, Joseph Mulvihill, was obtained, Mulvihill was induced to loan the defendant $6150 to purchase real estate at a low figure, which real estate was to be sold to a fictitious third party at a higher price and the profits were to be divided between them. The proposed sale was never made and the money obtained by the defendant was not returned to Mulvihill.

To obtain a reversal it is contended that the court should have directed a verdict; that remarks which passed between the trial judge and the defendant's attorney, who does not represent him in this court, were prejudicial, and that an erroneous instruction was given on behalf of the prosecution.

In support of the first point relied upon defendant contends that the court should have directed an acquittal because, by the bill of particulars, he was charged with obtaining checks from the prosecuting witness and the proof showed that these checks represented loans for the purchase of property, and, since this is so, there is a variance between the charge in the bill of particulars and the evidence. However, the indictment, and not the bill of particulars, is the charge upon which the defendant was tried. The only object of the bill of particulars is to give the defendant notice of the charge against him and to inform him of the particular transactions brought in question so that he may be prepared to make his defense. (*McDonald* v. *People,* 126

Ill. 150.) Its effect, therefore, is to limit the evidence to the transactions set out in the bill of particulars. The prosecution, however, is not required to set out all the evidence it will produce. The object of a bill of particulars is not to make a substantial charge against the defendant, but to limit the evidence which may be introduced under the indictment to particular transactions. The indictment, which is the charge, can neither be helped nor hurt by the bill of particulars. (*People* v. *Depew*, 237 Ill. 574.) Here, the indictment charged that the defendant obtained money, checks, orders for the payment of money, instruments of writing and personal property of the value of $6150. The fact that the payments constituted a loan is immaterial, because a confidence game is defined as any swindling operation in which an advantage is taken of the confidence reposed by the victim in the swindler. (*Maxwell* v. *People*, 158 Ill. 248.) The fact that the transaction was made to assume the form of a business deal is not material, if in fact, it was a swindling operation, (*Hughes* v. *People*, 223 Ill. 417; *Chilson* v. *People*, 224 id. 535;) which the evidence clearly shows that it was.

Many times during the trial altercations took place between the attorney for the defendant and the trial judge. The attitude of the attorney towards the judge was very provoking and on numerous occasions the judge, at the instigation of the attorney, digressed from orderly procedure and argued with him. The first occasion came when he asked the judge whether he would like to testify. Later, after an objection to a question had been sustained, he criticized the judge by stating that he, the judge, never got very far in the practice of law because he didn't know how to cross-examine. This provoked a discussion as to which one paid the greater income tax. Later, after another objection had been sustained, the judge was accused of not liking the truth. As the trial proceeded, the altercations became more heated and at one point the attorney referred to another

judge by his last name only—Rooney—and the judge asked him if he meant Mickey Rooney. There were numerous other heated discussions that had nothing to do with the issues and at one point the attorney referred to the judge as "assistant State's attorney." An examination of the record will disclose many other instances in addition to those referred to in which there were differences between counsel and the trial judge foreign to the issues. The proper and fair conclusion to be reached from a consideration of these instances is that while the judge made a number of statements which were not called for by one in his position he did not, at any point, show any bias against the defendant. On the other hand, he instructed the jury to disregard the statements made by him and counsel.

Enough has been quoted from the record to show a startling lack of decorum in the trial of this case. As greatly as we deplore any criticism of a trial judge we can not allow this instance to pass unnoticed nor without rebuke. On the other hand, it does not follow that we should reverse a just judgment on account of it. The altercation was provoked and kept going by the attorney for the defendant, who, we again note, was not his present counsel. We feel it would be a bad precedent to order a reversal on the facts shown by the present record lest it become a common practice by defense counsel, in desperate cases, to endeavor to provoke an altercation with the court. The defendant in this case was proved guilty beyond any doubt and, in the absence of a gross miscarriage of justice, could not obtain any favorable verdict on another trial. He not only did not testify but he did not offer any defense worthy of the name, and we will not reverse an obviously correct judgment for the mere purpose of trying to produce a better record. *People* v. *Ney,* 349 Ill. 172; *Featherstone* v. *People,* 194 id. 325; *Mash* v. *People,* 220 id. 86.

Complaint is made as to an instruction which, in substance, informed the jury that even though the transactions

between the parties took the form of a legitimate business deal, that fact, alone, would not alter the criminal nature of the matter. The instruction was carelessly worded and is, to some degree, subject to criticism. However, it was not a mandatory instruction directing a verdict, but a mere explanation of a legal question. Taken with all the other instructions, which were full and complete, the jury could not have been misled. On the whole, it was fully, fairly and accurately instructed and for the reasons above indicated we do not think that the loose wording of this one instruction would justify us in reversing the judgment against the defendant.

The judgment is affirmed. *Judgment affirmed.*