THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID STOVALL, Defendant-Appellant.

(No. 73-33;

Third District—May 31, 1974.

James Geis, of Office of State Appellate Defender, of Ottawa, for appellant.

David DeDoncker, State's Attorney, of Rock Island, for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from a sentence imposed on defendant David Stovall who was convicted of armed robbery following a jury trial in the Circuit Court of Rock Island County. The sentence of 8 to 20 years for armed robbery was to be concurrent with the term of 1 to 10 years for violating probation granted on a previous burglary conviction. The only issue raised on appeal in this court is whether the sentence imposed is excessive and not conducive to rehabilitation of defendant Stovall.

The record indicates that defendant was identified in court as one of two men who robbed the victim. The victim testified that Stovall was carrying a linoleum or roofer's knife and that his partner was carrying a gun, which was later determined to be a cap gun or starter's pistol. The amount taken was $79 which was recovered. Minutes after the robbery had occurred, a policeman followed the car being driven by Stovall, and when the car stopped in back of Stovall's home, Stovall and a passenger jumped out and ran. The officer testified that he apprehended the passenger, one Willie Hoskins. The officer was unable to catch Stovall. Stovall defended on the ground that he had loaned the automobile to Willie and Jimmie Hoskins and was not present at the time of the robbery. The jury obviously did not believe the alibi.

At the time of the commission of this offense, Stovall was on probation for a previous burglary. He also had a prior record of offenses as a juvenile. At the hearing in aggravation and mitigation, defense counsel was permitted to tell the court that defendant's pastor would have testified that defendant did possess the ability to rehabilitate himself if he had the desire. Defendant was 19 years of age at the time of the conviction in 1970. The prosecutor had recommended a penalty of 8 to 20 years and assigned as one of the reasons for the recommendation that Stovall had apparently not appreciated the privilege of being placed on probation.

The crime of armed robbery is a Class 1 felony and, under the existing section 5—8—1(c)(2) (Ill. Rev. Stat. 1973, ch. 38, § 1005—8—1(c) (2)), the minimum sentence is set at 4 years for the offense. The issue now on appeal is whether the 8-year minimum sentence imposed in the instant case is excessive.

■■ While we agree that in an appropriate case, a court of review should act to modify and reduce sentence to give greater opportunity

to the parole authorities in developing potential rehabilitation of a defendant, in view of the time factor and the record in this cause, we do not believe there should be a modification of the minimum sentence in this case. Under Supreme Court Rule 615(b)(4) (Ill. Rev. Stat. 1973, ch. 110A, § 615(b)(4)), the power is vested in the court of review to reduce punishment, but it has been frequently stated that the power should be used with caution and that the trial court's judgment should not ordinarily be disturbed unless it clearly appears that the sentence constitutes a great departure from the fundamental law and its spirit. (*People v. Hobbs*, 56 Ill.App.2d 93, 205 N.E.2d 503; *People v. Taylor*, 33 Ill.2d 417, 211 N.E.2d 673.) While the defendant's pastor had indicated that he believed defendant had a capability of rehabilitation "if he had the desire," the fact that he had violated his existing probation by a burglary offense, apparently raised serious questions in the mind of the trial court as to defendant's desire for rehabilitation in view of the commission of the crime of armed robbery in the instant case.

In view of all the circumstances in this cause, therefore, we conclude that a modification of the minimum sentence in the instant case should not be entered, and that the sentence as imposed by the trial court should be affirmed. The judgment of the Circuit Court of Rock Island County will, therefore, be affirmed.

Affirmed.

STOUDER and DIXON, JJ., concur.