THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JACK AUSTIN REYNOLDS, Defendant-Appellant.

(No. 74-21; ▮▮▮▮▮▮▮▮▮▮▮)

Third District—November 12, 1974.

Robert Agostinelli and James Geis, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward P. Drolet, State's Attorney, of Kankakee, for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant, Jack Austin Reynolds, appeals to this court from a sentence of murder of his wife by reason of which he was sentenced to a term of not less than 30 years nor more than 50 years. The only issue raised on appeal is that the sentence was excessive.

From the record it appears that the deceased wife had an apparent well-deserved reputation for infidelity of which defendant was aware. There was indication of a pregnancy by someone other than defendant, a subsequent abortion, and a demand upon defendant to finance the operation. During the evening on which the murder occurred, deceased and the defendant were in a group at a local tavern. The deceased and the defendant were engaged in an argument at the tavern, when defendant struck the deceased about the head and neck region of her body. Upon their return to their home, deceased retired to her bedroom. Defendant remained in the kitchen where he began to pace the floor and thought of an apparent threat of the deceased to take their children from him. Defendant was a chronic alcoholic who, nevertheless, had been able to maintain steady employment. He kicked open the door to the bedroom and commenced arguing with his wife over the custody of the children. Defendant then left the room and re-entered, carrying a hammer which he obtained from the kitchen. After defendant demanded to know whether his wife would permit him to have the children, she said she intended to have sole custody of the children, and defendant then repeatedly and violently struck the deceased about the head with the hammer. Thereafter, without determining whether his wife was alive, and without summoning medical aid, defendant left the house for another local tavern. Defendant had returned to the house after going to the tavern for a drink and found his wife still bloody, but "trying to talk," and left her there to die from her wound. He went from tavern to tavern in Kankakee and then to a tavern in Joliet where he was arrested.

The State had recommended a sentence with a minimum of 14 years and with a maximum of 21 years. The trial judge indicated clearly that he would not be bound by any recommendation in the case and this was understood by all the parties before defendant pleaded guilty to the charge of murder.

During the hearing in aggravation and mitigation, two psychiatric reports were made which concluded that defendant was in a state of

chronic depression. It was indicated that the defendant's brutal behavior was the product of a sudden, intense passion generated by his wife's provocation. While the trial judge agreed to a degree, he stated that the crime was not a planned murder but was done on the spur of the moment and was motivated by passion and anger. The trial court indicated that if the murder had been purposely planned, the sentence would have been death. The court stated that a lesser sentence was imposed because of the element of passion in the crime.

Under the provisions of section 5—8—1(c)(1) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)(1)), the minimum term for murder is 14 years. The section permits a more severe minimum upon consideration of the offense and the history and character of defendant. The nature and length of the sentence is reserved to the sound discretion of the trial judge ordinarily. (*People v. Hart*, 132 Ill.App.2d 558.) It is observed by the State that all statutory procedures have been complied with and that there was no abuse of discretion. Defendant contends that the sentence was excessive.

The mandate of both the Illinois Constitution and the Criminal Code is that a judicially imposed criminal sanction be proportionate to the offense and be designed to return the offender to useful citizenship (Ill. Constitution (1970), art. I, sec. 11; Ill. Rev. Stat. 1973, ch. 38, par. 1—2(c)). The sentence should be fair and could also consider the need of society to be protected from persons convicted of and capable of committing criminal offenses. Necessarily, it is required that the sentence also be fair to the defendant for whom rehabilitation and return to useful citizenship is sought. Thus, the sentence cannot be arbitrary, unreasonable, or oppressive. Principally, the nature of the acts which constitute the crime, the history of defendant so far as behavior is concerned, the criminal predisposition of defendant, as well as the circumstances surrounding the crime, are all factors to be considered in the imposition of a sentence.

In the cause before us, it is apparent that the crime was an extremely brutal one. While, apparently, it was not a crime which was planned, and it is clear that defendant acted with extreme violence upon an unjustified impulse and was also under the influence of alcohol, the trial court gave consideration to all of these factors and stated specifically that if the trial court had not taken such matters into consideration, the sentence would have been death in the electric chair. The sentence imposed was within the range of the minimum and maximum fixed by statute specifically for the offense of murder. The trial court was not restricted as to the ratio of minimum and maximum but only was required to apply reasonable discretion in imposing such sentence. On the basis

of the record before us, we do not believe we would be justified in modifying the sentence in this cause. The court obviously regarded the nature and circumstances of the offense and the history and· character of defendant in setting the higher minimum term in excess of 14 years. As indicated in the case of *People v. Stovall,* 19 Ill.App.3d 639, 640-641, while a court of review should act to modify and reduce a sentence to give greater opportunity to the parole authorities in developing potential rehabilitation of a defendant, power to reduce punishment by modification of the judgment of the trial court should not ordinarily be employed unless it clearly appears that the sentence constitutes a great departure from the fundamental law and spirit. We do not believe that the sentence constitutes such great departure from the fundamental law and its spirit in the instant case and accordingly do not believe we would be justified in modifying such sentence.

· The judgment of the circuit court of Kankakee County and the sentence imposed upon defendant in this cause are, therefore, affirmed.

Affirmed.

STOUDER and DIXON, JJ., concur.