THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT JOHNSON, Defendant-Appellant.

(No. 60281;

First District (3rd Division)—March 6, 1975.

Philip M. Basvic, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Thomas D. Rafter, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE McGLOON delivered the opinion of the court:

Defendant, Robert Johnson, was indicted for armed robbery and unlawful use of weapons in connection with the robbery on October 14, 1972, of the Avalon Wall Paper and Paint Company located at 1854 East 79th Street in Chicago. After a jury trial, defendant was found guilty on both counts and sentenced to concurrent terms of 4 to 12 years for armed robbery and 2 to 3 years for unlawful use of weapons. Defendant now appeals.

On appeal the defendant contends that (1) the trial court erred in refusing to hear defendant's pretrial motion to suppress evidence; (2) the court erred in not suppressing complainant's in-court identification of defendent; (3) the conduct of the trial court judge prevented the defendant from receiving a fair trial; (4) there is a reasonable doubt of

the defendant's guilt; and (5) the sentences are vague and ambiguous and constitute reversible error.

We affirm.

Complainant in the instant case, Lewis Lowy, testified that on Sunday, October 14, 1972, at approximately 2 P.M., he was working alone in his store, the Avalon Wall Paper and Paint Company, when two men entered the store, approached him and asked to see certain paints they had discussed the day before. Mr. Lowy indicated that these same two men had been in the store the previous day for 30 or 40 minutes and had left just before closing when Mr. Lowy's son entered the store. As Mr. Lowy turned to obtain the requested information, one of the men, later identified by Lowy as Robert James, announced "This is a stick-up," put his arm around Lowy's neck and started going through Lowy's pockets. James' companion, identified by Lowy as defendant Robert Johnson, then pulled out a sawed-off shotgun from a shopping bag he was carrying, put the gun to Lowy's head and ordered him to move to the rear of the store, threatening Lowy with death if he made any noise. After tying Mr. Lowy to a water pipe in the rear of the store, the two men emptied the store's cash register and fled with $62 of the store's receipts plus a small pocket book taken from the store's lost and found and Mr. Lowy's wallet containing his driver's license, social security card and various credit cards.

Mrs. Dorothy Cunningham, security manager at the Carson Pirie Scott store located at 9700 South Western Avenue in Evergreen Park, Illinois, testified that at approximately 3:15 or 3:30 P.M. the day of the robbery, she observed Robert James and Robert Johnson selecting men's apparel at the above Carson Pirie Scott store. Mrs. Cunningham indicated further that James attempted to purchase the clothing with a Carson Pirie Scott charge plate bearing the name of "Lewis Lowy." After James forged Mr. Lowy's signature on the sales receipt, Mrs. Cunningham examined the receipt and asked James if he was indeed Lewis Lowy. When James responded that he was not, security guards were summoned, defendant and Robert James were apprehended, and various credit cards bearing the name of Lewis Lowy were recovered, along with a small pocket book and $16 in currency.

One of the investigating officers, Officer Parker, testified that after he and his partner placed James and Johnson under arrest, they accompanied Johnson to a parking lot at 95th Street and Western Avenue in Evergreen Park where they discovered a 1969 Mercury parked along the lot's east wall. From the trunk of the Mercury the officers recovered a sawed-off shotgun which was later identified by Mr. Lowy as the gun that was used in the robbery.

In the evening of the day of the robbery, a lineup was held in which Mr. Lowy positively identified both James and Johnson as the two men who had robbed him earlier in the day. Mr. Lowy also identified the items recovered from James and Johnson as the ones that had been taken from him in the robbery.

This appeal is brought only by Johnson. On the third day of the 6-day trial, codefendant James, who had been released on bond, did not appear and forfeited his bond. James was found guilty and sentenced in absentia to 2 to 8 years for armed robbery and 2 to 3 years for unlawful use of weapons.

Defendant's first contention is that the trial court erred in refusing to hear a pretrial motion to suppress the shotgun recovered from the trunk of the 1969 Mercury. Defendant argues that the court denied the motion to suppress without hearing any evidence on the motion. Defendant further argues that no motion to suppress was heard at a preliminary hearing, but only what purports to be a motion to suppress. In support of this unique contention, defendant urges that the discussion of the shotgun at the preliminary hearing came as an afterthought by defendant's attorney, that there was no formal motion made in writing and that in the preliminary hearing the court did all of the interrogating concerning the recovery of the shotgun.

■■ The record indicates that a motion to suppress, although not in writing, was fully considered at the preliminary hearing. In the case at bar, when the motion to suppress the shotgun was raised anew in the trial court, defendant made no offer of proof indicating additional evidence was to be offered or tending to show the existence of special circumstances. In such a case, it was not error for the trial court to refuse to reconsider defendant's motion to suppress. See *People v. Holland* (1974) 56 Ill.2d 318, 307 N.E.2d 380; *People v. Hopkins* (1972) 52 Ill.2d 1, 284 N.E.2d 283.

Defendant next contends that the court erred in denying his pretrial motion to suppress Mr. Lowy's in-court identification of defendant. In support of this contention defendant argues that his identification in the police lineup was replete with police-induced activities.

■■ After carefully reading the record we do not agree with defendant's contention that the lineup was replete with police-induced activities. However, even if the defendant were correct in so contending, the trial court did not err in denying defendant's motion to suppress Mr. Lowy's in-court identification because Mr. Lowy's identification had an origin independent of the allegedly unfair lineup. As stated in *People v. Martin* (1970), 47 Ill.2d 331, 338, 265 N.E.2d 685, 689:

"* * * [E]ven though an out-of-court procedure may have

been unnecessarily suggestive, nonetheless, denial of due process depends on whether \* \* \* identification at trial was dependent on or influenced by the improper viewing and that the question to be determined is whether the witness's identification had an origin independent of the improperly suggestive confrontation." (See also *People v. Moore* (1972), 7 Ill.App.3d 315, 317, 287 N.E.2d 495, 497.)

In the case at bar, as indicated by the testimony of Mr. Lowy, defendant Robert Johnson was in Mr. Lowy's store for a period of 30 to 40 minutes the day before the robbery. Both at this time and during the robbery, Mr. Lowy had ample opportunity to view defendant Johnson. Because Mr. Lowy's in-court identification of Johnson had this origin independent of the lineup, the court did not err in denying defendant's motion to suppress the identification.

Defendant next argues that there is a reasonable doubt of his guilt. Defendant points out that when he was arrested at the Carson Pirie Scott store it was James and not he that was in possession of the fruits of the crime. Defendant also questions Mr. Lowy's identification, pointing out that Mr. Lowy entered the lineup room twice, the first time viewing the lineup for 5 to 10 minutes. Defendant asks why so long a time was necessary if Mr. Lowy had seen the defendant in his store the day before the robbery for 30 or 40 minutes.

■■■ We find no reasonable doubt as to defendant's guilt. Although it is true that defendant Robert Johnson was not in possession of the fruits of the crime when he was arrested, he was selecting clothes with James who did have the fruits of the crime and further attempted with James to buy these clothes with the stolen credit card. Also, although the conviction of the accused relies heavily on the testimony of one witness, Mr. Lowy, this is sufficient for conviction. (*People v. Stringer* (1972), 52 Ill.2d 564, 289 N.E.2d 631.) We find Mr. Lowy's testimony to be clear, detailed and consistent. Mr. Lowy had an opportunity to view the defendant for 30 or 40 minutes in his store the day before the robbery and testified that he identified the defendant immediately in the lineup. Mr. Lowy did enter the lineup room twice, but as indicated by the testimony of Officer Parker, Mr. Lowy entered only once to view the lineup. The second time he entered the lineup room, the men in the lineup had already been removed from the room.

Defendant also alleges that the conduct of the trial court judge prevented him from receiving a fair trial. Defendant argues that the following actions of the trial court judge showed his unfairness: accusing defendants' attorneys of deliberately dragging out a motion and of wasting time; insisting on selecting the jury before hearing pretrial motions;

denying defendant the opportunity to demonstrate to the jury in the courtroom the passage of 4 minutes as measured by his watch; threatening James' counsel with contempt of court in the presence of the jury; telling James' counsel to "cross-examine now or not at all"; calling both attorneys "cheap shot artists"; telling counsel that he did not believe defendants; and not permitting defendants to learn how much time it took complainant to identify defendant in the lineup, which defendant was identified first and how much time elapsed between the identifications of the two defendants.

■■ Although the record does indicate that there was some colloquy between the trial court judge and counsel for defendants, we see nothing in the record which would indicate that the conduct of the trial court judge prevented defendant from receiving a fair trial. Most of the comments cited by the defendant as being prejudicial were made out of the presence of the jury. The threat of contempt of court and statement "cross-examine now or not at all" were made specifically to counsel for James. These comments were in no way prejudicial to Johnson.

■■ Concerning the demonstration with the watch, how long it takes for 4 minutes to pass is a matter of common knowledge and we see no indication of unfairness on the trial court's part in not allowing defendant to make this demonstration.

■■ As to defendant's contention that the trial court judge displayed unfairness in limiting his questioning of complainant concerning complainant's identification of defendant in the line up, we feel that no prejudice was caused by the trial judge's conduct. Mr. Lowy unequivocally stated that he identified defendant immediately in the lineup. Furthermore, Mr. Lowy's in-court identification of defendant had a source independent of the lineup and consequently the trial court's limitation of defendant's interrogation of Mr. Lowy concerning the lineup was at most harmless error.

We have carefully reviewed the record and find nothing so unfair in the actions of the trial judge that would deprive defendant of a fair trial. The court accurately instructed the jury on the law and further told the jury that no remark he made should indicate his opinion concerning the facts or what the jury's verdict should be. The defendant received a fair trial. See *People v. Westrup* (1939), 372 Ill. 517, 25 N.E.2d 16; *People v. Smith* (1965), 63 Ill.App.2d 369, 211 N.E.2d 456.

■■ Defendant finally contends that the sentences he received are vague, ambiguous and indefinite and do not apprise him of the sentence he is to serve. Although the court's syntax and phraseology in sentencing the defendant are not as clear as they could be, both the defendant and his counsel clearly understood the sentence. After the trial judge imposed

sentence, defendant raised no question concerning the terms imposed, and, in fact, answered affirmatively when the trial court asked him if he understood the sentence. Furthermore, defendant, in filing a motion *nunc pro tunc* and his notice of appeal, clearly indicated that he had indeed been sentenced to concurrent terms in the penitentiary from 4 to 12 years for armed robbery and from 2 to 3 years for unlawful use of weapons. Accordingly, we conclude that defendant's sentences clearly apprise him of the time he is to serve.

Judgment affirmed.

DEMPSEY and McNAMARA, JJ., concur.