THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MELVIN FORD, a/k/a Anthony Jackson, Defendant-Appellant.

Second District    No. 76-409

Opinion filed October 5, 1977.—Rehearing denied November 14, 1977.

Ralph Ruebner and Mark Schuster, both of State Appellate Defender's Office, of Elgin, for appellant.

Gerry L. Dondanville, State's Attorney, of Geneva (Phyllis J. Perko and Martin P. Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE RECHENMACHER delivered the opinion of the court:

The defendant, following a jury trial, was convicted of armed robbery and was sentenced to serve not less than 4 nor more than 20 years in the penitentiary. At the time of his conviction the defendant was 17 years old and had no previous record of conviction. Only one issue is raised in this appeal—whether or not the sentence of not less than 4 nor more than 20 years in the penitentiary is excessive.

In his appeal brief defendant points out that because of his age at the time of the offense (age 17) and because of the fact that he had had no previous convictions, he did not deserve a 20 year maximum sentence. He also points out that there was testimony to the effect that he was influenced into participating in the offense by an older co-defendant, James Foster, who he claims insisted that he "earn" sufficient proceeds to repay him (Foster) for damage defendant had caused to Foster's car in a recent accident. He points out that the interrogating police officers corroborated his apprehensiveness relative to Foster when they testified that he exhibited fear of "T-Bone" Foster during interrogation, and it was not until they assured him that he would be placed in a cell separate from Foster in the Kane County Jail that defendant confessed and named Foster as a participant. While defendant in his brief admits that these facts do not amount to legal coercion, he argues they should be considered in mitigation and in evaluating the prospects of his rehabilitation.

In determining an appropriate sentence, the trial court should consider the nature and circumstances of the crime, the behavioral history of the defendant, including the defendant's criminal predisposition, and rehabilitative potential, and the protection of the public. *People v. Reynolds* (1974), 23 Ill. App. 3d 317, 319; *People v. Browry* (1972), 8 Ill. App. 3d 599, 605; *People v. Hogue* (1971), 1 Ill. App. 3d 881, 884.

The offense of armed robbery is a serious one and whether committed for the first or the 15th time, society has a right to be protected from persons who would commit such a crime. There is also testimony in this case which tends to show that defendant's participation was much more active and much less minimal than his version would indicate. We cannot, therefore, consider only the defendant's youth and comparative inexperience—the crime is a vicious one under any circumstances.

■■ In this case, however, as bearing on the propensity of the defendant to commit another such crime, it is appropriate for us to consider the possible influence of an older confederate of whom the defendant exhibited some fear. That is to say, the possibility of domination by an older, more hardened criminal has a bearing on the determination of the extent of the danger to society posed by the

defendant as an individual, if he was removed from the immediate domination of the more sophisticated criminal.

There is no evidence of any previous criminal activity on the part of this defendant and that seems to be borne out by the testimony of Detective Herlihy who made a report in which he stated that he did not think "the defendant knew too much" about other criminal activities. He also testified the defendant could name only one of the robbers in the instant case—Foster—and said he knew none of the others. Although he was legally and morally responsible as a participant, there is some evidence that he acted under some pressure in the robbery in question and that he was not actually a member of a gang, since having told the name of the man he allegedly feared most there would be no reason to shield the others, if he knew their names. On the other hand, if he did not know their names, that fact lends some credence to his statement that he was influenced by Foster into participating in the crime.

Under the authority given to the appellate courts by Supreme Court Rule 615(b)(4) (Ill. Rev. Stat. 1975, ch. 110A, par. 615(b)(4)), this court has the authority to reduce punishment, a prerogative which has been exercised in numerous cases. See *People v. Daniels* (1976), 35 Ill. App. 3d 791; *People v. Pickett* (1976), 35 Ill. App. 3d 909; *People v. Turner* (1976), 36 Ill. App. 3d 77; *People v. Bounds* (1976), 36 Ill. App. 3d 330.

■■ The minimum sentence for the offense of armed robbery is four years and being imposed by statute is not within our power to reduce. The maximum sentence of 20 years, however, we consider excessive in view of defendant's age, his lack of any prior convictions and of the other circumstances surrounding the commission of this crime.

Accordingly, the judgment of the circuit court of Kane County convicting the defendant of the crime of armed robbery is affirmed, but the four- to 20-year sentence is hereby reduced to a term of not less than four nor more than eight years.

Judgment affirmed as modified.

SEIDENFELD and NASH, JJ., concur.