(No. 44186.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. HENRY HOPKINS, Appellant.

*Opinion filed May 22, 1972.*

I

2

GERALD W. GETTY, Public Defender, of Chicago (MICHAEL WEININGER and JAMES J. DOHERTY, Assistant Public Defenders, of counsel), for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and ROBERT C. SAMKO, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

A jury in the circuit court of Cook County found the defendant, Henry Hopkins, guilty of the offense of

attempted rape, and he was sentenced to imprisonment for not less than 13 nor more than 14 years. Prior to trial he had moved to suppress the identification testimony of the complaining witness and also to suppress certain physical evidence. The trial judge denied both motions without a hearing on either. At the trial both the identification testimony and the physical evidence were admitted over the objection of the defendant. On this appeal the first issue raised concerns the correctness of those rulings.

The defendant had previously been convicted of unrelated charges of robbery and attempted rape. In connection with the trial of those charges a different trial judge had conducted hearings on motions to suppress evidence and identification testimony. The physical evidence sought to be suppressed was the same in both cases—a pocket knife that was obtained as the result of a search of the defendant upon his arrest. The legality of that arrest and the accompanying search had been contested in the earlier proceeding, and had been determined adversely to the defendant. It also appears that a single lineup had been conducted, at which the complaining witnesses in both cases identified the defendant. A motion to suppress the identification testimony in the earlier case had been denied. In the present case, at the suggestion of the assistant State's Attorney, the trial judge denied both motions, solely upon the ground that the defendant had already had hearings on the motions.

Different considerations govern the rulings on the two motions. With respect to the motion to suppress the physical evidence, we are of the opinion that the ruling was not erroneous. The arrest of the defendant, and the search that produced the knife, either did or did not violate his constitutional rights. Whether those rights were then violated does not depend upon the number of cases in which the knife might thereafter be offered in evidence. The fact that the same item of evidence may be relevant in

several trials involving a defendant does not, without more, entitle him to repeated hearings as to the validity of the arrest and search which produced the item.

The extent to which the doctrine of collateral estoppel may be used against a defendant in a criminal case is, of course, severely limited, as pointed out by Chief Justice Burger in his dissent in *Ashe v. Swenson (1970), 397 U.S. 436, 465, 25 L.Ed.2d 469, 90 S.Ct. 1189.* (See also, *Connelly v. Director of Public Prosecutions, 1964 A.C. 1254;* 58 Cal. L. Rev. 391, 394. The notion of mutuality, which so largely characterizes the use of the doctrine in civil cases, cannot be given full play in criminal cases. Moreover, a defendant, unlike the prosecution, is not allowed an immediate appeal from an adverse ruling upon a motion to suppress. He cannot review that ruling until after he has been convicted and sentenced. And for a variety of reasons he might not wish to appeal, or as in the case of an acquittal at the first trial, he might not be able to do so. But there has been no suggestion in this case that any of these situations existed, or that any evidence in addition to that submitted upon the first hearing had become available for submission in connection with the motion to suppress in the present case. Although the issue is a close one, we hold that the constitutional rights of the defendant were not violated by the refusal of the trial judge to conduct a hearing on the motion to suppress the physical evidence.

The situation is different with respect to the refusal of the trial judge to permit a hearing upon the motion to suppress the identification testimony. That ruling was erroneous. The prosecuting witness in this case did not testify at the hearing upon the motion to suppress the identification in the earlier case. The offenses in the two cases were unrelated. The issues raised by the motion in the present case were not the same as those raised in the earlier hearing. The fact that both complaining witnesses

identified the defendant at the same lineup did not eliminate the need for an opportunity to inquire into the influences to which this complaining witness might have been exposed before she made her identification. See *People v. Robinson (1970), 46 Ill.2d 229, 231-2.*

The prosecution argues, however, that in the circumstance of this case, the erroneous ruling was harmless. The identification in question was that of the complaining witness, who was a singer staying at the Conrad Hilton Hotel while the group of which she was a member was performing in Chicago. She went to the laundry facilities in the basement of the Y.M.C.A. Hotel to wash her clothes. There she was approached by a man who persuaded her to accompany him to the clerical office on the third floor of the building in order to "sign his application for membership at the membership desk." At first she refused, but ultimately she went with him. On the third floor she accompanied him to the end of the hall where he opened a door which he said led to the membership office. The door opened onto a stairwell and it was there that the attempted rape took place.

The complaining witness had ample opportunity to observe her assailant. In addition, while she was engaged in conversation in the laundry room with the man who attempted to rape her, another man was present. After the attempted rape the complaining witness returned to the laundry room and told this man what had occurred. The man was an FBI agent, Leon Sizemore, temporarily stationed in Chicago. He had witnessed the conversation between the two although he did not hear what was said, and they walked past him as they left the laundry room. He reported the matter to the police and it was his identification that led to the defendant's arrest. He also identified the defendant at the trial. Thus the defendant was adequately identified entirely apart from the testimony of the complaining witness, and we hold that the

error in refusing to conduct a hearing on the defendant's motion to suppress her identification was harmless beyond a reasonable doubt.

The second ground for reversal is based upon the prosecution's closing arguments, in which the fact that the testimony of the prosecution witness was "uncontradicted" was mentioned seven times. The defendant contends the arguments constituted a comment upon his failure to testify which requires that his conviction be reversed. Both by statute (Ill.Rev.Stat. 1965, ch. 38, par. 155—1), and by the Federal constitution (see *Griffin v. California (1965), 380 U.S. 609,-14 L.Ed.2d 106, 85 S.Ct. 1229),* the court and the prosecutor are forbidden from making any direct reference to a defendant's failure to testify. *People v. Burton (1969), 44 Ill.2d 53.*

The prosecution may, however, refer to the fact that the testimony of the State's witnesses is uncontradicted even though the defendant would be the only person who could have contradicted it *(People v. Mills (1968), 40 Ill.2d 4, 8-9; People v. Norman (1963), 28 Ill.2d 77, 81),* for this involves no more than an accurate summary of the evidence. But the prosecution may not accomplish indirectly what it could not do directly. That the line is not easy to draw is apparent from the fact that the test is often stated in subjective terms—whether "the reference [was] intended or calculated to direct the attention of the jury to the defendant's neglect to avail himself of his legal right to testify." *Watt v. People (1888), 126 Ill. 9, 32; People v. Mills (1968), 40 Ill.2d 4, 8.*

In *People v. Wollenberg (1967), 37 Ill.2d 480, 487-88,* the prosecutor noted the testimony of the two defense witnesses and then stated, "No one else testified. Let's get that straight." Since the prosecutor had already described the testimony of the witnesses who had testified for the defendant, we held that the purpose and effect of the statement must have been to direct the attention of the jury to the defendant's failure to testify.

In this case the prosecutor in his first closing argument summarized the testimony of each State's witness and pointed out that their testimony, individually and collectively, was uncontradicted. Unlike the situation presented in *Wollenberg,* there was in this case no contradictory testimony. Thus the prosecutor's statements in his first closing argument were not improper. (See, *People v. Mills (1968), 40 Ill.2d 4, 8-9; People v. Norman (1963), 28 Ill.2d 77, 81.)* In his rebuttal the prosecutor mentioned three times the fact that the testimony of the State's witnesses was uncontradicted. Defense counsel had argued, however, that the complaining witness had gone with the defendant as part of some type of illicit arrangement, and we are of the opinion that neither the statutory nor the constitutional rights of the defendant were violated.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*