THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* ALFRED ARMSTRONG, Defendant-Appellee.

(No. 54875;

First District—June 19, 1972.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and James S. Veldman, Assistant State's Attorneys, of counsel,) for the People.

Gerald W. Getty, Public Defender, of Chicago, (George L. Lincoln and James J. Doherty, Assistant Public Defenders, of counsel,) for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

The People of the State of Illinois appeal from an order granting a motion to suppress physical evidence. (Rule 604(a)(1). 43 Ill.2d Rule 604(a)(1).) The background of the matter follows.

Alfred Armstrong (defendant) was indicted for robbery. As a result of an unrelated situation, he was also indicted for murder. On trial of the indictment for murder, he made a motion to suppress a pistol and a shotgun which had been taken by the police in a search of his apartment. This motion was denied by the trial judge. Defendant was found guilty of murder by a jury and he appealed directly to the Supreme Court.

While the appeal was pending, defendant was tried on the robbery indictment before a different judge. He filed a motion to suppress the same evidence, challenging the same seizure by the police. The trial judge did not hear additional evidence but, by stipulation of the parties, considered a transcript of the evidence heard on the previous motion in the murder case. On October 31, 1967, this judge entered an order granting the motion to suppress the physical evidence. No appeal from this order was taken by the State.

The opinion of the Supreme Court in the appeal from the murder conviction was filed November 22, 1968, and the mandate of that court was issued February 5, 1969. The Supreme Court reversed the conviction for murder on the ground that admission in evidence of statements by co-defendants deprived defendant of a fair trial. However, the court specifically approved the ruling of the trial court which denied the motion to suppress. In announcing this result, the Supreme Court expressly stated (*People v. Armstrong*, 41 Ill.2d 390, 396, 243 N.E.2d 825):

"Here, we have carefully reviewed the record and find that the trial court considered every phase of the question to an unusual degree and we fully acquiesce in his conclusion."

On December 8, 1969, the cause was brought up for hearing before a different trial judge pursuant to the remandment. The judge heard argument of counsel and concluded that he was bound by the language of the applicable statute to follow the decision of the trial court in the

robbery case which had granted the motion to suppress. (See Ill. Rev. Stat. 1969, ch. 38, par. 114—12(b).) The trial court based this ruling upon the wording of the statute which provides that where a motion to suppress is granted, the property is to be restored "* * * and it shall not be admissible in evidence against the movant at any trial * * *."

The People contend that the ruling is erroneous and contrary to the statute and to the ruling of the Supreme Court. Defendant urges that the statute is applicable here; that its language requires exclusion of the evidence at any trial, which includes the present proceedings, and that the decision of the Supreme Court does not affect the present issue.

■■ It is settled in Illinois that where evidence is suppressed in a preliminary hearing, and no appeal is taken by the State from this adverse ruling, the applicable statute bars use of this same evidence on trial of a subsequently returned indictment arising from the same transaction. (*People v. Taylor*, 50 Ill.2d 136, 140, 277 N.E.2d 878.) Similarly, where a defendant has been charged by the State and by a City with unlawful use of weapons in violation of the Criminal Code and of a Municipal Ordinance and a motion to suppress physical evidence has been allowed in the City case without appeal, such ruling remains binding upon the determination of a subsequent motion to suppress the same evidence made by defendant in the State case. (*People v. O'Neil* (Ill.App.2d), 271 N.E.2d 690.) The results in these cases follow logically from the language of the statute.

However, there is another element in the case at bar, lacking completely in the cited situations, which impels us to a different result. Here, the Supreme Court reviewed the entire record in the murder case and held specifically that the order denying the motion to suppress was proper and should be affirmed. The Supreme Court remanded the cause for a new trial but did not remand it for another hearing on defendant's motion to suppress. As above shown, it expressly approved the denial of the motion to suppress.

■■ This ruling and the solemn pronouncement of the Supreme Court constitute the established "law of the case" which may not be changed upon a retrial or subsequent proceedings therein. Relitigation of this issue was no longer available to defendant. (See *United States v. Hoffa*, 402 F.2d 380 (Cir. 7).) In addition, the doctrine of *res judicata* is one of the cornerstones of our legal system. The following language, or words of similar import, may be found in many cases decided by reviewing courts in Illinois. (*People v. Kamsler*, 39 Ill.2d 73, 74, 233 N.E.2d 415):

> "It is well settled that where a person convicted of a crime has taken an appeal from the judgment of conviction on a complete record, the judgment of the reviewing court is *res judicata* as to all issues actually

decided by the court and all issues which could have been presented to the reviewing court, if not presented, are waived."

■■ We cannot agree that the applicable statute was intended to destroy, or even to limit, these established doctrines. The concept that the right of an accused person to a fair trial requires continuous appeals and constant relitigation of contentions previously rejected by courts of review should be eliminated from our administration of criminal justice.

Consequently, in view of the circumstances disclosed by this record, where the issue of illegal search and seizure has been finally adjudicated by decision of the Supreme Court on defendant's own appeal, we hold that in subsequent proceedings, involving this same offense and seizure, the trial judge was bound by the result announced by the reviewing court.

The judgment appealed from is accordingly reversed and the cause is remanded with directions to proceed in a manner not inconsistent with this opinion.

Judgment reversed and cause remanded with directions.

BURKE and LYONS, JJ., concur.