(No. 45325.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. ALFRED ARMSTRONG, Appellant.

*Opinion filed Nov. 20, 1973.—Rehearing denied Jan. 29, 1974.*

James J. Doherty, Public Defender, of Chicago (George L. Lincoln, Assistant Public Defender, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel, Assistant Attorney General, and Kenneth L. Gillis and James S. Veldman, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

This case is concerned with the effect of orders denying or sustaining motions to suppress evidence upon the ground that it was illegally obtained. Section 114—12(b) of the Code of Criminal Procedure provides that if a motion to suppress is granted, "the property shall

be restored \*\*\* and it shall not be admissible in evidence against the movant at any trial; \*\*\*." (Ill. Rev. Stat. 1969, ch. 38, par. 114—12(b).) Because he considered himself bound by this statute to do so, the Honorable Robert J. Downing granted the defendant's motion to suppress in the present case. The State appealed, pursuant to Rule 604. The appellate court reversed (6 Ill. App. 3d 529), and we granted leave to appeal.

In 1966 the defendant was indicted for armed robbery in a tavern. Subsequently he was indicted for the murder of a police officer during an armed robbery in another tavern. The murder case was tried first, before the Honorable Edward J. Egan, and prior to the commencement of that trial the defendant moved to suppress a shotgun and a pistol that had been found in his apartment. The motion to suppress was denied, upon the ground that the defendant had consented to the search. The weapons were received in evidence at the trial, the jury found the defendant guilty, and he appealed from the judgment of conviction.

While the judgment in the murder case was pending on appeal in this court, the armed robbery case came on for trial before the Honorable L. Sheldon Brown. A pretrial motion to suppress the same shotgun and pistol was made before Judge Brown, and the parties stipulated that it should be heard upon "the testimony taken at the original hearing before Judge Egan on the motion to suppress." The transcript of the testimony at that hearing was read to Judge Brown and he sustained the motion to suppress. The trial proceeded, the evidence in question was not offered, and the defendant was found guilty.

Thereafter, on the appeal in the murder case, this court affirmed Judge Egan's ruling with respect to the legality of the search, but reversed the judgment of conviction because the statements of a co-defendant had been improperly received in evidence against Armstrong. (*People v. Armstrong (1969), 41 Ill.2d 390.*) After

remandment the case again came on for trial, this time before the Honorable Robert J. Downing. The defendant renewed his motion to suppress. No additional evidence was heard. Judge Downing ruled that under section 114—12(b) of the Code of Criminal Procedure he had no choice but to suppress the evidence because a motion to suppress the same evidence had been granted by Judge Brown. The present appeal is from that ruling.

Since that ruling was made by Judge Downing, this court has decided *People v. Hopkins (1972), 52 Ill.2d 1.* In that case, after discussing the considerations pro and con, we held that the doctrine of collateral estoppel bars the relitigation of an order sustaining the validity of a search, in the absence of additional evidence or peculiar circumstances there mentioned. The effect of that determination is to preclude the operation of section 114—12(b) in this case, for the ruling of Judge Egan which denied the motion to suppress preceded the ruling of Judge Brown which sustained the motion.

An additional circumstance leading to the same result is the fact that no evidence in addition to that which was heard by Judge Egan was offered before Judge Brown, whose ruling upon the motion followed the reading of a transcript of the testimony heard before Judge Egan upon the original motion to suppress. Moreover, Judge Brown did not hear all of the testimony upon which Judge Egan had based his ruling. The circumstances of Judge Egan's initial denial of the motion to suppress, his subsequent misgivings after he had heard additional testimony during the trial, and his final ruling reiterating his denial of the motion to suppress after he had heard still further testimony at the request of the defendant, are summarized in this court's former opinion in this case. 41 Ill.2d at 395-6.

We are of the opinion that Judge Brown's ruling did not deprive the initial denial of the motion to suppress of its vitality by way of collateral estoppel, and that the

appellate court properly concluded that the motion to suppress should have been denied. The judgment of the appellate court is therefore affirmed and the cause is remanded to the circuit court of Cook County.

*Affirmed and remanded.*