(Nos. 45732, 45762 cons.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. ARTHUR HOLLAND, Appellant.
THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. WALTER SHACKLEFORD, Appellant.

*Opinion filed January 31, 1974.*

James J. Doherty, Public Defender, of Chicago (Robert Gevirtz and Bernard L. Schwartz, Assistant Public Defenders, of counsel), for appellants.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel, Assistant Attorney General, and Kenneth L. Gillis and William K. Hedrick, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

In the first of these consolidated cases (No. 45732), in a bench trial in the circuit court of Cook County, defendant, Arthur Holland, was convicted of armed robbery and the appellate court affirmed (9 Ill. App. 3d 536). In the second case (No. 45762), also in a bench trial in the circuit court of Cook County, defendant, Walter Shackleford, was convicted of unlawful use of weapons (Ill. Rev. Stat. 1971, ch. 38, par. 24–1(a)(4)). Relying on its opinion in *Holland* the appellate court affirmed. (10 Ill. App. 3d 771.) We allowed defendants' separate petitions for leave to appeal and ordered the cases consolidated for oral argument and opinion.

The record shows that approximately five weeks before the return of the indictment charging defendant Holland with armed robbery he and John Washington appeared for preliminary hearing in branch 24 of the Municipal Department—First District, Circuit Court of Cook County. The following transpired:

"MR. PRIDE: The Defendant, John Washington, is ready. If the court please, I would ask the court to consider a motion to suppress in regard to the arrest in this cause.

MR. BRADEN: Judge, the defendant Arthur Holland, would like to join in that motion."

There was no written motion and it cannot be ascertained from the record whether defendants were seeking to suppress evidence, identification testimony or sought a holding that there was no probable cause for their arrests. The transcript of the proceedings contains oral rulings by

the court which can be interpreted as holding that there was probable cause for the arrests and that the identification testimony of a police officer would not be suppressed. There is colloquy concerning a weapon but no statement of the court which appears to be a ruling on its admissibility as evidence. The transcript of the proceedings at the trial of this case, however, reflects that the parties apparently decided to interpret the colloquy as a ruling denying defendant Holland's motion to suppress.

Following indictment, arraignment and appointment of counsel defendant filed a motion to "suppress physical evidence" described as a .22-caliber pistol and $22 in currency, and a motion "to suppress the identification testimony of a witness." This latter motion does not designate any specific witness but alleges that the "identification was induced by the actions of the police *** in violation of his constitutional rights ***."

When the case was called for trial defendant moved to amend the motion to suppress physical evidence to show that the pistol was of .25, rather than .22, caliber. After lengthy colloquy and argument the trial court held that the motion to suppress the pistol had been decided in the preliminary hearing and was "not properly before the court." The court heard testimony on defendant's motion to suppress the identification testimony, and denied the motion.

In the case of Shackleford a "half-sheet" entry made on December 29, 1971, shows that "a motion to suppress evidence is denied." When the case was called for trial on January 27, 1972, counsel advised the court that there was a motion to suppress. In neither instance was it stated what the defendant sought to suppress, but presumably it was the weapon that defendant is charged, in the information, with having "knowingly carried concealed on his person." The court stated that the decision reflected on the half-sheet was binding on the court and that he could not hear the motion. At defense counsel's request the

court reserved his ruling, and at the close of the evidence held that the motion had previously been decided and that he could not hear it.

Defendants contend that in each instance the circuit court erred in holding that the denial of a motion to suppress at a preliminary hearing was *res judicata.* They argue that "A defendant ought not have to choose between presenting his motion to suppress at the preliminary hearing or trial. He should have the benefit of the protection afforded by our Legislature in Sections 109—3(e) and 114—12(b) at both stages of the criminal proceedings. To deny a defendant this right violates the basic principles of the exclusionary rule and denies him due process."

The People contend "A denial of a motion to suppress physical evidence is binding upon the subsequent trial judge in the same cause where the defense neither alleges nor offers any new evidence warranting reconsideration of the motion, and where the defense appears to be engaging in attempted 'forum-shopping.' "

In reaching their respective decisions that the motions to suppress, having been denied at preliminary hearings could not be renewed at trial, the appellate and circuit courts concluded that our decision in *People v. Taylor,* 50 Ill.2d 136, required them to so hold. *Taylor* did not present the question here considered; it involved the converse and clearly distinguishable situation which resulted from the allowance of a motion to suppress. The rule applicable here was ennunciated in our recent cases of *People v. Hopkins,* 52 Ill.2d 1, and *People v. Armstrong,* 56 Ill.2d 159, but, in these cases, as in *Hopkins,* there has been no suggestion of exceptional circumstances or any evidence in addition to that submitted upon the first hearing which had become available for submission in connection with the motion to suppress. (52 Ill.2d 1, at 4.) Although the trial courts erred in holding that they were without jurisdiction to consider the motions, because of

322

the absence of an offer of proof to show that additional evidence was to be offered or the existence of special circumstances, no error is shown which requires reversal.

For the reasons stated the judgments of the circuit court of Cook County are affirmed.

*Judgments affirmed.*