THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOSE GIER-BOLINI (Impleaded), Defendant-Appellant.

(No. 59728;

First District (4th Division)——March 12, 1975.

James J. Doherty, Public Defender, of Chicago (Leonard V. Solomon, Assistant Public Defender, of counsel), for appellant.

Bernard T. Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Mary Ellen Dienes, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from a judgment entered by the Circuit Court of Cook County. The defendant was charged by indictment with the offense of burglary. Following a bench trial, the defendant was found guilty and sentenced to a term of 2 to 6 years in the Illinois State Penitentiary.

The only issue presented on appeal is whether the trial court erred in denying the defendant's post-indictment motion to quash arrest and suppress identification testimony, where the substance of that motion had already been determined at the preliminary hearing before a different judge.

The defendant, Jose Gierbolini, was charged by indictment with the offense of burglary. On October 19, 1972, the defendant, at the preliminary hearing, moved the court to suppress his arrest. A hearing was held on the motion, resulting in the denial of said motion and a finding of probable cause. On May 22, 1973, the defendant filed a pretrial motion for leave to file a motion to quash arrest and suppress identification testimony. The trial court denied defendant's motion without a hearing.

At trial, Mrs. Eva Laine testified as a State's witness that on August 10, 1972, she arrived at her apartment at 3529 West Belden in Chicago around 1 P.M. As she was standing in the stairwell leading to her first-floor apartment she heard voices and the scuffling of feet. Mrs. Laine saw the apartment door wide open, and as she entered she observed two men at the door leading from her dining room to the kitchen. She saw the two men rush out through the back door of the apartment. She observed one of the men carrying a blue case containing her typewriter and the other man was carrying her stereo set. Mrs. Laine testified she next saw the two men about an hour later after they had been apprehended by the police. The two men were sitting in the rear seat of an unmarked police car when Mrs. Laine positively identified them as the two men she had seen leaving her apartment. The men she identified matched the description she had previously given to the police. Mrs. Laine made an in-court identification of the defendant and the stolen

merchandise. Her testimony was corroborated by Police Officer Robert Sadler, one of the arresting officers.

The defendant testified in his own behalf that he was buying milk in a grocery store when he saw Julio Rodriguez, an acquaintance. Rodriguez asked the defendant for a ride to North Avenue and California. Rodriguez told the defendant the typewriter and stereo belonged to his sister. Rodriguez was putting the equipment into the back seat of defendant's car when the police arrived.

At the close of all the evidence, the trial court found the defendant guilty of burglary and sentenced him to a term of 2 to 6 years in the Illinois State Penitentiary.

The defendant contends the trial court erred in denying his post-indictment motion for leave to file a motion to quash arrest and suppress identification testimony. Defendant maintains that by not being granted leave to file his post-indictment motion to quash the arrest and suppress identification testimony, he was not able to show the existence of additional evidence or exceptional circumstances not available or known at the time of the preliminary hearing.

We do not agree with the defendant's contention. A review of the record indicates the defendant was given, and took advantage of, ample opportunity to present his second motion to the court. The motion on its face, coupled with the defendant's statements to the court, failed to suggest or show any new circumstances not available at the preliminary hearing. The trial court's denial of the post-indictment motion was therefore proper and without prejudice to the defendant. In *People v. Holland* (1972), 9 Ill.App.3d 536, the appellate court held the trial court, in a robbery proceeding, properly refused to allow the defendant to renew his motion to suppress evidence, since the motion to suppress, having been ruled on in a preliminary hearing, could not be renewed at trial. In the recent decision of *People v. Holland* (1974), 56 Ill.2d 318, 321, the supreme court affirmed the appellate court decision where "there has been no suggestion of exceptional circumstances or any evidence in addition to that submitted upon the first hearing which had been available for submission in connection with the motion to suppress." As stated above, the record in the instant case reveals no new evidence or peculiar circumstances not available at the time of the preliminary hearing.

For the reasons stated herein, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

BURMAN and JOHNSON, JJ., concur.