THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
VICTOR J. COLLETTI, Defendant-Appellee.

First District (4th Division)   No. 76-521

Opinion filed June 22, 1978.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Joan S. Cherry, Assistant State's Attorneys, of counsel), for the People.

Stillo and De Meo, of Chicago, for appellee.

Mr. JUSTICE ROMITI delivered the opinion of the court:

The defendant, Victor Colletti, was charged in a complaint with theft by obtaining control over stolen property. (Ill. Rev. Stat. 1973, ch. 38, par. 16—1(d)(1).) He moved to dismiss the charge as barred by the statute of limitations, but that motion was denied after a hearing. Following defendant's indictment on the same charge the cause was assigned to

another judge. Defendant then moved to quash the indictment, again based on the statute of limitations. A second hearing was held and the trial judge granted the motion. The State has appealed from that order.

The major issue in this case is whether a defendant charged under the Illinois statute with having "obtained control" over stolen property on a certain date may have that charge dismissed prior to trial by introducing proof at a hearing that he gained possession of the property much earlier in time, so that the statute of limitations had run prior to commencement of his prosecution. A secondary issue is whether the testimony of the defendant is to be considered new evidence so that the defendant is not barred from relitigating the issue whether the statute of limitations has run where he did not testify at the first hearing but did at the second. We hold that the second hearing was proper under the circumstances, but that the indictment should not have been quashed before the State had the opportunity to prove at trial the specific offense charged.

On November 21, 1974, the defendant attempted to sell five notebooks of rare cover letters and stamps to an undercover agent. He was arrested and charged with obtaining control over the stolen property on that date. On December 17, 1974, a preliminary hearing was held before Judge Olson. At this time the defendant moved to have the charge dismissed on the grounds that it was barred by the statute of limitations. At the hearing, he submitted two affidavits in connection with the motion. The first stated that the defense attorney had been informed by the prosecutor that the original theft occurred on December 9, 1967. In the second, Colletti swore that between 1964 and the date of the hearing he had resided in Illinois and had not in any way absented himself from the state of Illinois. Except for the affidavit, Colletti did not testify at this hearing. Police Lieutenant O'Neil, who arrested Colletti, testified that after the arrest Colletti told him that he got the letters from Bobby Harder sometime in August 1974. Someone else had had them before that. Harder was dead at the time of the hearing.

The court ruled that the statute of limitations did not begin to run when the property was disposed of and, by agreement with counsel for the State, ruled that the issue was whether it began to run at the time of the original theft or at the time the alleged possessor took possession.

Defense counsel at the hearing contended the unexplained possession of the stolen property led to the inference that Colletti stole it. The court, while agreeing that if possession by the defendant was completely and fully unexplained the statute would relate back to the theft, felt that was not the case here since there was testimony Colletti acquired the property in August 1974 from Bobby Harder. Accordingly he denied the motion.

On December 20, 1974, the grand jury returned an indictment charging

the defendant with theft under section 16—1(d)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 16—1(d)(1)), to-wit that he had on November 21, 1974, obtained control over stolen property knowing the property to be stolen and intending to deprive the owner permanently of the use or benefit of said property.

Subsequent to the indictment the defendant again moved that the charge be dismissed as barred by the statute of limitations, contending this time that he had acquired the property in 1968. At the hearing before Judge Ryan he testified that he purchased the stamps from a man in a bar for $5,000 in July 1968. Thereafter he kept them in his house. He never gave Bobby Harder the stamps but went with Harder when they were photocopied in August 1974. While the State produced witnesses, including a police officer and assistant State's attorney, who testified that Colletti had said he received possession of the stamps in August 1974 and that Harder had had them earlier in the year, Judge Ryan sustained the defendant's motion to dismiss the indictment on the grounds the defendant's testimony given under oath had not been overcome. The State appeals on the grounds that the first hearing barred the defendant from relitigating the issue and that in any event Judge Ryan erred in ruling that the statute of limitations had run since the defendant's various actions of exercising control over the property all fell under "obtain" as defined by section 15—8 of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 15—8) and the offense was a continuing one.

## I.

■■ It is well established in Illinois that a defendant may not repeatedly relitigate a pretrial motion to suppress. (*People v. Hopkins* (1972), 52 Ill. 2d 1, 284 N.E.2d 283; *People v. Armstrong* (1973), 56 Ill. 2d 159, 306 N.E.2d 14; *People v. Holland* (1974), 56 Ill. 2d 318, 307 N.E.2d 380; *People v. Durruty* (1974), 18 Ill. App. 3d 335, 309 N.E.2d 802; *People v. Attaway* (1976), 41 Ill. App. 3d 837, 354 N.E.2d 448, *appeal denied* (1976), 64 Ill. 2d 596; *People v. Grant* (1976), 38 Ill. App. 3d 62, 347 N.E.2d 244; *People v. Henderson* (1976), 36 Ill. App. 3d 355, 344 N.E.2d 239, *appeal denied* (1970), 43 Ill. 2d 398.) The issue may only be relitigated if there is additional evidence or peculiar circumstances warranting the reconsideration (*People v. Armstrong* (1973), 56 Ill. 2d 159, 306 N.E.2d 14; *People v. Durruty* (1974), 18 Ill. App. 3d 335, 309 N.E.2d 802; *People v. Grant* (1976), 38 Ill. App. 3d 62, 347 N.E.2d 244; *People v. Henderson* (1976), 36 Ill. App. 3d 355, 344 N.E.2d 239, *appeal denied* (1970), 43 Ill. 2d 398), or a reason for not presenting relevant evidence at the prior hearing must be asserted. (*People v. Attaway* (1976), 41 Ill. App. 3d 837, 354 N.E.2d 448, *appeal denied* (1976), 64 Ill. 2d 596.) The mere fact the

defense has discovered a new argument is insufficient. *People v. Attaway* (1976), 41 Ill. App. 3d 837, 354 N.E.2d 448, *appeal denied* (1976), 64 Ill. 2d 596.

■■ The basis of this rule barring relitigation of motions to suppress is the doctrine of collateral estoppel. The exceptions we have set out reflect judicial recognition of the limitations on applicability of the doctrine to criminal cases. (*People v. Hopkins* (1972), 52 Ill. 2d 1, 284 N.E.2d 283.) We agree with the State that the doctrine should apply equally to bar repeated litigation of motions to dismiss charges or to quash indictments, but the same exceptions also should apply.

■■ It is obvious that additional evidence was presented to Judge Ryan since the defendant only testified at the second hearing. We recognize that his testimony did not "become available after the first hearing to suppress" (*People v. Henderson* (1976), 36 Ill. App. 3d 355, 370, 344 N.E.2d 239, *appeal denied* (1970), 43 Ill. 2d 398), and we recognize that, as the State argues, our holding virtually guarantees two hearings for a defendant on the same factual issue as long as he remains silent at the first hearing. Nevertheless, in light of the strong constitutional issues involved as to the right of a defendant to remain silent, we are unwilling to say that the defendant's testimony here was not additional evidence warranting reconsideration of the issue. Accordingly, we rule that Judge Ryan did not err in hearing the motion even though the same issue had been ruled upon earlier by Judge Olson.

## II.

■■ The focus of the hearing on defendant's second motion centered on his claims as to when he first acquired the property at issue. Defendant sought to establish that he acquired the property in 1968, therefore preventing his prosecution in 1974 because the statute of limitations had run. But this argument was presented prematurely. The State by its indictment specifically charged that on November 21, 1974, defendant committed the offense of theft by obtaining control over the property, which was alleged to be worth over $150. Criminal proceedings against the defendant were commenced within one year of the date of the offense as specified in the indictment—well within the three-year period of the statute of limitations applicable to such a felony. (Ill. Rev. Stat. 1975, ch. 38, par. 3—5(b).) The State should have the opportunity to fully present at trial its proof of this specific allegation. If defendant so chooses he may then counter with his evidence. Only after the parties have fully presented their evidence will the trial court be in a position to determine the merit of defendant's claims concerning when he actually acquired the property and whether his actions, if any, on November 21, 1974, constituted a distinct chargeable offense. Defendant may not, prior to

trial, seek to change the relevant dates contained in an indictment by presenting contrary proof on the matter. Accordingly, the order of the trial court is reversed and the cause remanded for trial.

Reversed and remanded.

JOHNSON, P. J., and DIERINGER, J., concur.