**STATE of South Dakota, Plaintiff and Appellee,**

**v.**

**John H. NACHTIGALL, Defendant and Appellant.**

**No. 12791.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 28, 1980.

Decided Sept. 10, 1980.

Lori Wilbur, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, William A. Delaney III, Alexandria, Va., on the brief.

Ronald C. Aho, Brookings, for defendant and appellant.

## PER CURIAM.

Defendant appeals from his conviction on a charge of rape in the first degree. We affirm.

On the morning of January 20, 1979, Bonnierose Hilburn awoke to find defendant in bed beside her without any clothes on. She protested and screamed in an attempt to avoid contact with defendant but eventually became exhausted and submitted to the act of sexual penetration.

Defendant did not testify at trial. During his closing argument, defense counsel stated:

> [O]ne final thing I would comment on and that is that John has not taken the stand and you all agreed that John didn't have to take the stand and that you would not infer guilt if he did not take the stand. I would submit that the evidence you have heard from the witnesses that were called, that did testify, should raise reasonable doubts in your minds as to what happened. Reasonable doubt again is doubts for which there is a reason and I think you've heard the testimony just the same as I have.

During his rebuttal argument, the state's attorney said:

> The evidence, ladies and gentlemen, and the only evidence, is that the defendant had his mind made up and his clothes off and knew what he was going to do to Bonnierose Hilburn before she ever woke up and there is absolutely no evidence to the contrary.

Defendant contends that because he was the only witness who could have contradicted the State's evidence, this statement was an improper comment on his failure to take the stand and testify.

For two reasons we conclude that defendant's contention is not well taken. First, the comment complained of, read in the context of the entire closing arguments of both the State and the defense, appears to be no more than an accurate summary of the state of the evidence, the type of comment which we have held to be permissible. *State v. Winckler*, 260 N.W.2d 356 (S.D.

1977). See also *People v. Hopkins*, 52 Ill.2d 1, 284 N.E.2d 283 (1972). Second, we believe that the situation here was analogous to that in *Lockett v. Ohio*, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), inasmuch as by virtue of the above-quoted comment defendant's counsel had clearly focused the jury's attention on the fact of defendant's silence. The complained of rebuttal argument, even if construed as constituting a comment on defendant's failure to testify, was such a tangential reference to that fact as to add nothing to the impact created by defense counsel's own comment during closing argument.

The judgment of conviction is affirmed.