THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
L. V. JOHNSON *et al.*, Defendants-Appellees.

First District (3rd Division)    No. 80-513

Opinion filed September 30, 1981.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr and Iris E. Sholder, Assistant State's Attorneys, of counsel), for the People.

No brief filed for appellees.

Miss JUSTICE McGILLICUDDY delivered the opinion of the court:
The defendants, L.V. Johnson and Curtis Forte, were charged with possession of a controlled substance (heroin) (Ill. Rev. Stat. 1977, ch. 56½, par. 1402(a)). At the preliminary hearing the defendants moved to quash their arrest and suppress certain physical evidence. After an evidentiary hearing, the trial court denied this motion and made a finding of probable cause to arrest the defendants. A preliminary hearing was conducted immediately thereafter, and a finding of probable cause was entered as to Johnson and Forte.[1] The case was transferred to a second judge for trial. The second judge sustained defendants' renewed motion to suppress. It is from this order that the State appeals.

At the first evidentiary hearing on June 6, 1978, Officer Richard Abreu of the Chicago Police Department testified that on January 6, 1978, at 9:30 p.m., he received a telephone call from an informer. The informer

---

[1] The charges against the third occupant of the automobile were *nolle prossed* prior to the hearing on the motion to suppress.

previously had given Abreu information which led to four narcotic arrests. The informer told Abreu that at some time before 11 p.m. that evening, three male Negroes in a white Continental automobile would be purchasing narcotics at 25th and Drake from a male Mexican.

Officer Abreu went to that location where with the aid of binoculars he observed three male Negroes sitting in a Continental automobile parked at 3523 West 25th Street. Abreu saw a male Mexican walk up to the driver's side of the automobile and hand a brown paper bag to the driver, whom he identified as the defendant Johnson. After Johnson opened and accepted the bag, the man walked away. Johnson drove off, and Abreu followed him to 25th and Kedzie, where he directed Johnson to stop and ordered the three occupants out of the car. At this point Johnson handed the brown bag to Forte, one of the passengers in the car. After Forte got out of the car, the brown bag was resting on the curb on the passenger side of the automobile.

In renewing their motion to suppress on January 25, 1980, defense counsel requested that the court grant a second hearing on the grounds that newly discovered evidence had come to light. This new evidence was the testimony of the defendant, Johnson, who had not testified at the previous hearing. Over the State's objection, a second hearing was held.

Johnson testified that on January 6, 1978, he was driving his 1977 Lincoln to a pool hall at 25th and California. Forte was a passenger in the car. Johnson observed an unmarked police vehicle make a U-turn in the center of Kedzie Avenue. The officers followed him to 25th and California, where they stopped his car and ordered the three occupants at gun point to get out of the car. The three men exited via the passenger side of the automobile. One of the officers then recovered something and placed them under arrest. Johnson denied stopping his car until he came to 25th and California and stated that he did not see a male Mexican that evening.

The State introduced the transcript of the testimony given by Abreu at the previous hearing. The trial judge stated that he read the transcript but he did not believe that the incident happened the way Abreu described it. The court found Abreu's testimony incredible and sustained defendants' motion to suppress.

On appeal the State argues that the court erred in permitting a second hearing on defendants' motion to suppress. The defendants have not filed a brief in this court. However, under the authority of *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493, we shall consider the merits of the appeal.

■■ It is well established that in the absence of additional evidence or exceptional circumstances, the doctrine of collateral estoppel bars the relitigation of an order sustaining or denying a pretrial motion to suppress evidence. (*People v. Holland* (1974), 56 Ill. 2d 318, 307 N.E.2d 380; *People*

*v. Armstrong* (1973), 56 Ill. 2d 159, 306 N.E.2d 14; *People v. Nelson* (1981), 97 Ill. App. 3d 964.) The State argues that this additional evidence must be evidence which has become available since the first hearing and cites several decisions which support this position. *People v. Grant* (1976), 38 Ill. App. 3d 62, 347 N.E.2d 244; *People v. Henderson* (1976), 36 Ill. App. 3d 355, 344 N.E.2d 239; *People v. Gierbolini* (1975), 27 Ill. App. 3d 75, 327 N.E.2d 297.

■■ The State points out that in the instant case the only additional evidence presented at the second hearing was the defendant's testimony. We agree with the State that this evidence was available at the first hearing and that it did not justify the relitigation of the motion to suppress.

We realize that our decision conflicts with the holding in *People v. Colletti* (1978), 61 Ill. App. 3d 289, 377 N.E.2d 1276. In *Colletti* the defendant filed a motion to dismiss a charge on the grounds that it was barred by the statute of limitations. Subsequently, the defendant renewed the motion before a second judge. At this hearing the defendant testified, and the court sustained his motion. On appeal, the court held that the second judge did not err in considering the second motion.

We must respectfully disagree with *Colletti's* holding that the defendant's testimony warranted reconsideration of the motion. We believe that earlier case law established that when a second hearing is predicated on new evidence, that evidence must have become available since the first hearing. Although the court in *Colletti* was concerned with the constitutional right of a defendant to remain silent, we note that this right is not jeopardized since a defendant's testimony in support of a motion to suppress evidence cannot be admitted against him at trial on the issue of guilt unless he makes no objection. *Simmons v. United States* (1968), 390 U.S. 377, 19 L. Ed. 2d 1247, 88 S. Ct. 967; *People v. Sturgis* (1974), 58 Ill. 2d 211, 317 N.E.2d 545, *cert. denied* (1975), 420 U.S. 936, 43 L. Ed. 2d 412, 95 S. Ct. 1144.

For the foregoing reasons, the trial court's suppression order is hereby reversed, and this cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

McNAMARA and WHITE, JJ., concur.