THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
BOBBY JOE GRIFFIN, Defendant-Appellant.

Fifth District No. 81—421

Opinion filed August 16, 1983.

Randy E. Blue and E. Joyce Randolph, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Randy Patchett, State's Attorney, of Marion (Stephen E. Norris and Frank J. Bieszczat, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE JONES delivered the opinion of the court:

Defendant was charged with armed robbery, armed violence, intimidation, theft over $150 and unlawful use of weapons. The case was submitted to a jury on the armed robbery and armed violence charges only, and the jury returned a guilty verdict on each. Judgment and sentence were entered on the verdict, the defendant receiving a sentence of 25 years. Defendant raises four issues in this appeal: (1) whether the court committed error in applying collateral estoppel to deny him a hearing on his motion to suppress evidence, (2) whether the armed violence conviction must be reversed because based on the same act as the armed robbery conviction, and, upon vacation, whether sentencing is required, (3) whether resentencing is required because the trial court improperly considered as an aggravating factor that serious bodily harm was threatened although there was no more harm threatened than in most armed robberies, and (4) whether the sentence is excessive in light of defendant's youth, his remorse and rehabilitation potential, and his prior record which has been acquired in a short span of time.

Defendant was charged with two armed robberies committed in two counties during the same evening. The first was of the attendant of the Martin Oil Company service station in Marion, Williamson County, Illinois, at about 8:05 p.m. on November 16, 1980. The second was of the attendant of the Handee Mart in DeSoto, Jackson County, Illinois, in the early morning hours on November 17, 1980. A short time after the Handee Mart incident, a car occupied by defendant and his two brothers was stopped by Jackson County sheriff's officers and

items taken in the two armed robberies were found in the car. Defendant and his brothers were taken to the Jackson County sheriff's office and questioned. Defendant gave the officers a statement shortly following his arrest on November 17, and made another statement on December 1, 1980, in which he admitted participating in both armed robberies.

The instant prosecution is that in Williamson County for the armed robbery of the Martin Oil Company station. Prior to trial, defendant filed a motion to suppress his confessions given on November 17 and December 1. The basis of his challenge was that the November 17 statement was not voluntary because of his drugged or intoxicated condition at the time and that the December 1 statement was not voluntary because of promises of leniency made to him in the absence of his attorney and not fulfilled. The State filed a motion to strike defendant's motion to suppress on the grounds that the issues had already been litigated in Jackson County.

Prosecution of defendant for the Jackson County armed robbery of the Handee Mart had occurred prior to this one. In his defense of that case defendant filed a motion to suppress the November 17 and December 1 statements that was substantially the same as the motion to suppress filed in this case. A hearing was held on the motion. In support of the motion defendant's wife testified that on the day of the armed robberies defendant had drunk half or more than half of three cases of beer and had shared in the smoking of four "joints" of marijuana. She also testified that on December 1 two sheriff's officers told her and the defendant that if he would give them a statement, they could get the judge to "make it concurrent," that they could get some of the charges dropped and "get defendant lesser time." The court denied the motion to suppress, and the defendant subsequently entered a plea of guilty to the Jackson County armed robbery charge.

At the hearing on the motion to suppress held in Williamson County, the State filed certified copies of the transcripts and orders from the Jackson County hearing in support of their motion to strike. Because he had not testified at the Jackson County hearing, defendant made an offer of proof in which he stated that on the day preceding the two evening robberies he had drunk 1½ to two cases of beer and had smoked about an ounce of marijuana. He further stated that he remembered being arrested but did not remember being interviewed afterward because he was drunk and "could barely stay awake."

The court took the matter under consideration and subsequently announced that he found the ruling of the court in Jackson County to

be proper and that it had had before it evidence of defendant's drunk and drugged condition similar to that contained in defendant's offer of proof. The court found that the decision of the court in Jackson County on defendant's motion to suppress constituted a collateral estoppel to the Williamson County motion and granted the State's motion to strike. Defendant was later found guilty of both charges by a jury and was sentenced to 25 years in prison on each charge, the sentences to run concurrently with each other and with the sentence imposed in Jackson County.

 Defendant attacks the use of collateral estoppel to deny him a hearing upon his motion to suppress because he had additional evidence to present, his own testimony, that was not available to the Jackson County court and because the propriety of the ruling of the Jackson County court was insulated from judicial review by defendant's subsequent plea of guilty.

Defendant assumes, as he must, that the doctrine of collateral estoppel, which bars relitigation of a decided question, applies in criminal cases as well as in civil cases. (*People v. Williams* (1975), 59 Ill. 2d 557, 322 N.E.2d 461.) The supreme court in the *Williams* case set forth a definition of the collateral estoppel rule and, with appropriate citations, told of its acceptance in criminal cases by the United States Supreme Court. Those facets of the rule need not be further discussed here. An often cited case of the Illinois Supreme Court, *People v. Hopkins* (1972), 52 Ill. 2d 1, 284 N.E.2d 283, succinctly states the rule: "The fact that the same item of evidence may be relevant in several trials involving a defendant does not, without more, entitle him to repeated hearings as to the validity of the arrest and search which produced the item." (52 Ill. 2d 1, 3-4, 284 N.E.2d 283, 284; also see *People v. Armstrong* (1973), 56 Ill. 2d 159, 306 N.E.2d 14.) The collateral estoppel rule is applied in criminal cases whether the litigated question arises in separate trials (*People v. Hopkins; People v. Armstrong*) or at different stages of the same trial. *People v. Holland* (1974), 56 Ill. 2d 318, 307 N.E.2d 380.

Exceptions to a universal application of the collateral estoppel rule in criminal cases have been developed because of constitutional due process requirements. The supreme court described the exceptions in *People v. Armstrong* (1973), 56 Ill. 2d 159, 161, 306 N.E.2d 14, 15, as follows:

> "In that case [People v. Hopkins], after discussing the considerations pro and con, we held that the doctrine of collateral estoppel bars the relitigation of an order sustaining the validity of a search, in the absence of additional evidence or peculiar

circumstances \*\*\*."

■ Defendant's argument in this appeal is addressed to the "additional evidence or peculiar circumstances" aspect of the rule. The additional evidence he wished to present at the hearing on the motion in Williamson County consisted solely of his own testimony as exemplified in his offer of proof, and the exceptional circumstances are found in the fact that he was unable to appeal the ruling of his motion by the court in Jackson County because of his plea of guilty there. Defendant relies upon *People v. Mordican* (1976), 64 Ill. 2d 257, 356 N.E.2d 71, *People v. Sampson* (1980), 86 Ill. App. 3d 687, 408 N.E.2d 3, and *People v. Stiles* (1981), 95 Ill. App. 3d 959, 420 N.E.2d 1204. In the *Mordican* case the supreme court held that the "peculiar circumstances" referred to in *People v. Hopkins* and *People v. Armstrong* were found when a defendant was acquitted of charges in a first trial. Such acquittal prevented the defendant from seeking review of the court's denial of his motion to suppress. The inability of the defendant to seek review of the order denying his motion to suppress was held to be sufficient to entitle defendant to a new hearing on his motion to suppress, even in the absence of any claim of additional evidence. Upon the basis, then, of *People v. Mordican* we find that the trial court in the instant case committed error in refusing to grant defendant a hearing on his motion to suppress.

In addition to the argument based upon the *Mordican* case, defendant asserts that the court in Williamson County erred in denying him a hearing on his motion to suppress because he had additional evidence to produce. That new evidence, as we have noted, consisted of defendant's own testimony that he had chosen to withhold at the hearing in Jackson County. As disclosed in his offer of proof, defendant's testimony was a reiteration of the testimony given by his wife in Jackson County. Defendant cites *People v. Stiles* and *People v. Colletti* (1978), 61 Ill. App. 3d 289, 377 N.E.2d 1276.

The *Stiles* case presented both exceptions to the application of the collateral estoppel rule. After denial of his motion to suppress made during his first trial, the defendant entered a plea of guilty. This, the *Stiles* court held, precluded review of the suppression hearing and invoked the rule of the *Mordican* case. We have done likewise in the case under review. The court in *Stiles* went beyond the *Mordican* rule, however, to hold that the defendant's representation by incompetent counsel in his first trial had resulted in a failure to present crucial evidence regarding probable cause to make an arrest and conduct a search and seizure without a warrant. The court was obviously concerned with apparent improper police procedures which incompetent

counsel failed to develop. Thus was disclosed the additional evidence which the *Stiles* court held would entitle the defendant to a second hearing on his motion to suppress. We consider the "additional evidence" facet of the *Stiles* case inapposite on its facts to the case at bar.

It is different, however, with the *Colletti* case. It involved two hearings in the same case before different judges of a defendant's motion to dismiss the proceeding as barred by the statute of limitations. The defendant did not testify at the first hearing but submitted an affidavit attesting that he had at all times remained within Illinois. At the second hearing the defendant chose to testify, giving evidence regarding the times he had acquired items of personal property that were the subject of charges of theft by obtaining control over stolen property. Following the second hearing before the second judge, the case was dismissed. In a State appeal the appellate court approved of the second hearing on the motion to dismiss because additional evidence had been presented by the defendant's testimony. The court candidly stated:

> "We recognize that his testimony did not 'become available after the first hearing to suppress' (*People v. Henderson* (1976), 36 Ill. App. 3d 355, 370, 344 N.E.2d 239, *appeal denied* (1970), 43 Ill. 2d 398), and we recognize that, as the State argues, our holding virtually guarantees two hearings for a defendant on the same factual issue as long as he remains silent at the first hearing. Nevertheless, in light of the strong constitutional issues involved as to the right of a defendant to remain silent, we are unwilling to say that the defendant's testimony here was not additional evidence warranting reconsideration of the issue." *People v. Colletti* (1978), 61 Ill. App. 3d 289, 292, 377 N.E.2d 1276, 1279.

In *People v. Johnson* (1981), 100 Ill. App. 3d 707, 427 N.E.2d 358, a case similar on its operative facts, the court expressly declined to follow *Colletti.*

> "We must respectfully disagree with *Colletti's* holding that the defendant's testimony warranted reconsideration of the motion. We believe that earlier case law established that when a second hearing is predicated on new evidence, that evidence must have become available since the first hearing. Although the court in *Colletti* was concerned with the constitutional right of a defendant to remain silent, we note that this right is not jeopardized since a defendant's testimony in support of a motion to suppress evidence cannot be admitted against him at

trial on the issue of guilt unless he makes no objection." (*People v. Johnson* (1981), 100 Ill. App. 3d 707, 709, 427 N.E.2d 358, 360.)

Of similar import is the case of *People v. Coleman* (1981), 100 Ill. App. 3d 306, 426 N.E.2d 1124. It, too, declined to follow *Colletti* because it considered the defendant's testimony, although sharply contradictory to police testimony given at a first hearing, insufficient to constitute additional evidence that would justify a new hearing on a previously litigated issue. The *Coleman* court graciously distinguished *Colletti* upon its facts, but it is our perception that it simply was rejecting *Colletti*.

Despite defendant's urging in the present case, we, too, decline to follow *Colletti*. We believe the better rule to be that expressed in *Johnson* and *Coleman*. Though not required for our decision on the issue, we have noted that defendant's "additional evidence" consisted only of his own testimony which was similar to that given by his wife at the first hearing and which was, at best, merely cumulative.

■ Although we have found that under the *Mordican* case the trial court committed error in refusing defendant a hearing on his motion to suppress evidence, reversal is not required. Aside from defendant's statements of November 17 and December 1, the evidence of defendant's guilt was more than sufficient to show his guilt beyond a reasonable doubt, and the error may be deemed harmless beyond a reasonable doubt. (*Chapman v. California* (1967), 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824; *People v. Spicer* (1979), 79 Ill. 2d 173, 402 N.E.2d 169; *People v. Hansen* (1980), 90 Ill. App. 3d 407, 413 N.E.2d 103.) Two men wearing nylon stockings over their faces, one armed with a revolver, committed a holdup of the attendant of the Martin Oil Company station in Marion. The two took $395 in cash and seven cartons of Kool and Marlboro cigarettes. All the items were put in a white sack that looked like a pillowcase. Included in the money taken was a check given by Dennis Dobbins in payment for gas. About five hours later that same evening, defendant and his two brothers were in a car stopped by police in DeSoto. In plain view inside the car, and later seized in a search by warrant, were seven cartons of Kool and Marlboro cigarettes, a fully loaded .22-caliber revolver, three women's nylon stockings, a white pillowcase, and a brown paper sack containing about $250 in cash. An inventory of defendant's possessions made at the police station following his arrest disclosed a large sum of money in his pants pocket that included a check made by Dennis Dobbins to the Martin Oil Company. In view of this overwhelming evidence of defendant's guilt, considered under the guidelines set forth

in *People v. Wilkerson* (1981), 87 Ill. 2d 151, 157, 429 N.E.2d 526, 528, neither a retrial nor a new hearing on defendant's motion to suppress are required. 73 Ill. 2d R. 615(a); *People v. Lindgren* (1980), 79 Ill. 2d 129, 402 N.E.2d 238.

■ Defendant next contends that since his convictions of armed robbery and armed violence were based on the same physical act, the conviction of armed violence must be vacated. (*People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838; *People v. Mormon* (1982), 92 Ill. 2d 268, 442 N.E.2d 250.) The State agrees. Accordingly, the conviction of defendant on count II of the information which charged armed violence is vacated.

■ Defendant also asserts that upon vacation of the armed violence conviction, the case must be remanded for resentencing because it is impossible to determine how that conviction affected the sentencing. The State, of course, disagrees. We are induced to agree with the State's position by the fact that during the court's comments preceding the imposition of the sentence, it repeatedly referred to the armed robbery offense and never once mentioned the armed violence offense until it pronounced the sentence. This indicates to us that the court was sentencing defendant on the armed robbery conviction and that no part of the sentence imposed arose out of any consideration that defendant had also been convicted of armed violence. Accordingly, there is no reason to remand for resentencing. (*People v. Jones* (1982), 108 Ill. App. 3d 880, 439 N.E.2d 1011; *People v. Kosanovich* (1979), 69 Ill. App. 3d 748, 387 N.E.2d 1061.) In addition, defendant has failed to suggest any manner in which the trial court may have been influenced by the armed violence conviction in its sentencing on the armed robbery conviction. *People v. Ownes* (1982), 109 Ill. App. 3d 1150, 441 N.E.2d 908.

■ Defendant's final argument is addressed to his sentence of 25 years. He claims that the trial court improperly considered as an aggravating factor that serious physical harm was threatened. This is improper, he says, because the threat or use of force is implicit in the crime of armed robbery, and the legislature has already considered and incorporated the force and harm factor in fashioning the penalty for armed robbery. Defendant contends that there were no more threats or use of force in this case than in the case of any ordinary armed robbery. Defendant relies on *People v. Allen* (1981), 97 Ill. App. 3d 38, 422 N.E.2d 254, and *People v. Conover* (1981), 84 Ill. 2d 400, 419 N.E.2d 906.

We think the cases that have dealt with this issue, when coupled with the attendant facts of this case, answer defendant's argument.

The following from *People v. Johnson* (1982), 107 Ill. App. 3d 156, 161, 437 N.E.2d 436, 440, an attempted rape case where the defendant had argued that the use of force implicitly carries a threat of serious harm to the victim and had already been considered as a factor by the legislature, is applicable here:

> "The defendant's analogy of *Conover* and *Allen* to this case is faulty. The fact that a crime has an element of force in it does not necessarily mean that serious harm or the threat of serious harm is inherent in the offense. (See, *e.g., People v. Carmack* (1982), 103 Ill. App. 3d 1027, 432 N.E.2d 282 (threat of serious harm not necessarily implicit in offense of armed robbery).) Similarly, the threat of serious harm is not inherent in the offense of rape. There are wide variances in the risk of harm to victims of sexual attacks. The rapist who uses a deadly weapon in his attack, for example, is usually a much greater threat to his victims than an unarmed rapist who overcomes his victims by fear or intimidation. It is illogical to argue that the legislature intended to prevent a trial court from recognizing these differences and from imposing sentences accordingly. The trial court here properly considered the threat of serious harm as an aggravating factor and imposed a sentence of imprisonment that is supported by the record."

In the *Carmack* case, an armed robbery prosecution, the court stated:

> "While armed robbery, by definition, involves the use of force or threat of its use (Ill. Rev. Stat. 1979, ch. 38, par. 18—2), it does not necessarily follow that a threat of serious harm is always involved. In the instant case, the presence of the revolver, stuck in the pharmacist's back, provided the use of force and its threatened use. In addition, the defendant expressly threatened the victims of the robbery with death. That threat is not inherent in the offense of armed robbery, and it is cognizant under section 5—5—3.2, which permits a trial court to consider as an aggravating factor that the defendant threatened serious harm." (*People v. Carmack* (1982), 103 Ill. App. 3d 1027, 1037-38, 432 N.E.2d 282, 289.)

In the instant case a fully loaded revolver was pointed directly at the victim by one of the robbers. After receiving some money from the victim, one of the robbers grabbed him by the arm and demanded more money. This conduct is sufficient to permit the court to consider it as an aggravating factor under the sentencing statute for, as stated in *People v. Lampton* (1982), 108 Ill. App. 3d 41, 47, 438 N.E.2d 915, 919:

"The amount of harm sustained by a victim in a given situation varies from case to case. It is not a constant but one of degree. Its consideration depends not on the classification of the offense but the peculiar conduct of the actor, which is an ever-changing variable. A sentencing judge does not err in considering the amount of harm as a statutory aggravating sentencing factor in such context."

■ Still addressing his sentence, defendant asserts that considering his age of 18 years, the lack of brutality in his offense, the absence of adult felony convictions prior to the instant offense, and the fact that he is remorseful and desirous of rehabilitating himself, 25 years is excessive.

It is axiomatic that the imposition of a sentence following conviction of a crime is within the sound discretion of the trial judge and should not be disturbed absent an abuse. (*People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.) We can find no breach of discretion here. The record discloses that the trial court gave due consideration to the relevant factors and that he specifically acknowledged defendant's youth. The court noted that defendant had quit jobs and had quit school. Any employment record was nonexistent. The record shows an extensive criminal history. As a juvenile, defendant had been adjudicated a delinquent for having committed the offense of theft. He was placed on probation and a petition to revoke was filed because of the failure to pay court costs. As an adult, and prior to the instant conviction, defendant had been convicted of two counts of armed robbery and one count of burglary. Thus, despite his age, defendant has already been convicted of four felonies, three of them Class X felonies. In view of defendant's record we cannot say in this case that the sentence was so inappropriate as to constitute an abuse of discretion upon the part of the trial court.

Conviction and sentence for armed violence vacated; conviction and sentence for armed robbery affirmed.

HARRISON, P.J., and KARNS, J., concur.