THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT P. McCARTY, Defendant-Appellant.

(No. 72-353;

Fifth District—May 29, 1973.

Hanagan, Dousman & Giamanco, of Mt. Vernon, (Paul Giamanco, of counsel,) for appellant.

Robert F. A. Stocke, State's Attorney, of Louisville, for the People.

PER CURIAM:

Defendant, Robert P. McCarty was found guilty of unlawful possession of more than 2.5 but less than 10 grams of cannabis after a bench trial in the Circuit Court of Clay County.

Defendant contends on appeal that the court erred in denying his motion to suppress the evidence. We agree.

Defendant was walking in the vicinity of the Flora police station and near a van truck belonging to a person recently arrested for possession of marijuana. He was notified by the police and since they suspected that he had some connection with the arrested owner of the van, they called him over to the station to talk to him and search him. On searching they found a small clear plastic bag in his coat pocket which contained marijuana. There was nothing else in this pocket except this plastic bag. The police had no warrant and they had no reasonable grounds to think the defendant had committed any crime. Defendant was not carrying a weapon.

■■ The State's Attorney seeks to justify the search under the stop and frisk provisions of the statute. (Ill. Rev. Stat. 1971, ch. 38, secs. 107—14 and 108—1.01.) However, even if we assume that this is a proper case to frisk for weapons, the soft plastic bag inside the coat pocket was not a weapon, nor could it reasonably have been mistaken for a weapon. The officer upon determining by a pat down or feel of the coat, that the pocket did not contain a weapon, had no right under the circumstances to remove anything from the pocket.

■■ The trial judge indicated some doubt about the search but apparently thought he was bound by the incorrect ruling of another judge on a motion to suppress made before trial. He was not bound by the prior ruling. On the contrary he had a duty to grant defendant's motion to suppress the evidence when it was shown to have been obtained by an illegal search.

Since the only evidence of defendant's guilt was obtained by an illegal search, the judgment cannot stand.

Judgment reversed and defendant discharged.