THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* UZEE DOUGLAS, Defendant-Appellee.

First District (5th Division)    No. 80-1498

Opinion filed September 4, 1981.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr, Joel A. Stein, and Thomas G. Diciaani, Assistant State's Attorneys, of counsel), for the People.

Joseph A. Ettinger and Rick M. Schoenfield, both of Joseph A. Ettinger & Associates, Ltd., of Chicago, for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

The State appeals from an order which granted a renewed motion to suppress. The initial motion had already been denied by another judge and the issue presented is whether, under the facts of this case, defendant was precluded from making the second motion. We reverse. The material facts follow.

Defendant, Uzee Douglas, was charged with possession of controlled substances and, at a preliminary hearing, his first attorney made a motion to suppress the State's physical evidence on the grounds that it had been illegally seized. (Ill. Rev. Stat. 1979, ch. 38, par. 114—12.) This motion was denied and, after the case was reassigned for trial, defendant's new attorney renewed the motion to suppress the evidence. The State objected that defendant was precluded from relitigating the first judge's order. Despite this objection, the second judge held an evidentiary hearing and granted the motion.

The procedure for a motion to suppress illegally seized evidence is established by section 114—12 of the Code of Criminal Procedure. Before it was amended by Public Act 76-1096 (effective 1969), section 114—12(d) stated that, "The motion shall be made only before a court with jurisdiction to try the offense and the motion may be renewed if the trial takes place before a judge other than the one who heard the motion." (Ill. Rev. Stat. 1967, ch. 38, par. 114—12(d).) Thus, the second or renewed motion in this case would have been proper under the original statute. However, the amendatory act deleted the provision for a renewed motion, and section (d) now provides that, "The motion shall be made only before a court with jurisdiction to try the offense." Ill. Rev. Stat. 1979, ch. 38, par. 114—12(d).

■■ It is clear that by amending section 114—12(d) the General Assembly intended to preclude relitigation of motions to suppress illegally seized evidence. Therefore we conclude that, in this case, the statute barred the second judge from rehearing a motion to suppress which had already been denied by another judge.

Of course, this does not mean that fundamental fairness would not require a second judge to hear a renewed motion to suppress when, for example, a defendant seeks the second hearing so that he can introduce evidence which was unknown or unavailable at the first hearing. (See, e.g., *People v. Colletti* (1978), 61 Ill. App. 3d 289, 377 N.E.2d 1276.) But,

in this case, the record shows that the second hearing was not required by considerations of fundamental fairness. At the first hearing, the arresting officer testified that he acted on information supplied by an anonymous informer. The "new evidence" elicited at the second hearing merely consisted of additional questioning of the same officer about the informer. In fact, the officer was the only witness at the second hearing. Since the first defense attorney was aware of the officer's testimony about an informer, and he exercised his opportunity to cross-examine the officer about the informer, fundamental fairness does not require that defendant and his new attorney get an opportunity to dig a little deeper into the same area.

■■ Another defense argument is based on the inconsistent findings made by the trial judges. According to defendant, "It would be fundamentally unfair to allow the fruits of the search to be admissible in light of the [second judge's] factual determination that the officer was lying." We disagree. Finality is an important component of our jurisprudence, and, under the amended statute only the first order is entitled to stand. Reasonable people can often reach differing factual conclusions, and the inconsistent findings in this case only highlight the wisdom of a statute precluding unceasing relitigation of factual issues which have already been decided. See *Ashe v. Swenson* (1970), 397 U.S. 436, 25 L. Ed. 2d 469, 90 S. Ct. 1189.

Defendant also refers us to *People v. McCarty* (1973), 11 Ill. App. 3d 421, 296 N.E.2d 862, where the court held, without referring to section 114—12(d), that a trial judge was not bound by another judge's prior ruling denying a motion to suppress. Since *McCarty* did not consider the effect of the amendment to section 114—12(d), we respectfully decline to follow the holding of that case.

Next, defendant argues that any error in granting the second motion was harmless on the grounds that it was error for the first judge to deny the initial motion. This argument actually seeks to have us review an order which is not yet reviewable (*People v. Kepi* (1978), 65 Ill. App. 3d 327, 382 N.E.2d 642) and which may never be reviewable if defendant is acquitted.

For the preceding reasons, the trial court's suppression order is reversed and this cause is remanded for proceedings consistent with this opinion.

Reversed and remanded.

SULLIVAN, P. J., and MEJDA, J., concur.