THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LANELL O'NEAL, Defendant-Appellant.

First District (2nd Division)   No. 87—639

Opinion filed November 15, 1988.

Walter La Von Pride, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Inge Fryklund, Patricia Y. Brown, and Laura J. Diamant, Assistant State's Attorneys, of counsel), for the People.

JUSTICE SCARIANO delivered the opinion of the court:

Following a jury trial, defendant was convicted of unlawful possession of a controlled substance, sentenced to a term of 18 months in the Illinois Department of Corrections, and was fined $450. He appeals, raising the following issues: (1) whether the trial court erred in denying his motion to suppress evidence and in denying his motion for a rehearing on the motion to suppress evidence; (2) whether he was denied his right to effective assistance of counsel; and (3) whether he was proved guilty beyond a reasonable doubt.

Defendant was arrested on April 11, 1985, and charged with possession of a controlled substance with intent to deliver, to wit, less than 10 grams of heroin. At the preliminary hearing on July 25, 1985, the judge heard defendant's motion to suppress evidence. Officer Michael Pease, the only witness to testify, did so as follows.

On April 11, 1985, he was investigating two recent homicides in

the vicinity of 1831 N. Humboldt in Chicago. Pease, along with his partner, Officer Gabriel, was attempting to interview people in the building when, standing in the second-floor hallway outside an apartment immediately to the right of the stairway leading from the third floor, he overheard voices. Pease heard a voice, later identified as that of defendant, say "he would only pay $270 for five grahams [sic]," then say "okay, okay, I will go $300 for the five grahams [sic] of heroin." After hearing this Pease and Gabriel moved to the rear of the hallway and secreted themselves in a doorway leading to an apartment. Defendant then came out of the apartment from which the voices had emanated, went down the stairs and out to a car parked in front of the building. As the officers approached the car they saw defendant hand a plastic or cellophane-type bag through the window to codefendant Bean, who put the bag in the front of her pants. The police ordered both defendant and Bean out of the car and handcuffed them. Pease conducted a protective pat down search of defendant but not of Bean, because of her gender. He then placed them in the back of the squad car and drove to the police station. While driving, Pease saw defendant, with his hands handcuffed behind his back, grab the bag from Bean.

At this point in the testimony defense counsel objected:

"DEFENSE COUNSEL: I respectfully object at this point because I think we are going passed [sic] the point where my motion was stopped. Now the defendants are in custody.

THE COURT: That's correct."

Under questioning by defense counsel Pease admitted that he did not go into the apartment where he heard voices, he did not know if there were drugs in that apartment, and he had not seen any drugs on either defendant or Bean at the time he took them into custody.

The judge denied defendant's motion, stating:

"This is certainly sufficient under the totality of the circumstances enumerated by the Supreme Court for him to do a further investigation, which he did. I don't believe that Officer Pease in any way infringed on the Fourth Amendment, so it will be denied.

* * *

It will be denied. I think he was able to do what he did under these circumstances."

Prior to trial Mr. Pride, the attorney currently representing defendant, replaced Mr. Wexler, the defense attorney who had represented him at the preliminary hearing, along with codefendant Bean. Defendant then sought a rehearing from the trial judge of the prior

denial of his motion to suppress evidence, arguing that his previous counsel erred in not making the original motion a written one and in not bringing a motion to quash his arrest as well as one to suppress evidence. He also contended that Mr. Wexler had a conflict in representing both defendant and Bean and that these facts constituted exceptional circumstances allowing the court to rehear the previously heard pretrial motion. Defendant declined the judge's invitation to present witnesses, after which the trial judge denied defendant's motion, stating:

"[The] question is not whether you could have done a better job than Mr. Wexler, because every time I hear a case I always think about how I could have done, whether or not it is a finding of guilty or not guilty, I always think about a case.

\* \* \*

\*\*\* [I] question whether the result would have been any different, but even if they [sic] might have been, I still don't think that Attorney Wexler's representation after reading that transcript qualifies as ineffective assistance of counsel under *Strickland v. Washington* standards.

For that reason I am going to deny your motion to re-open the motion to suppress."

At trial Officer Pease repeated the testimony he had given at the preliminary hearing and then continued his testimony as follows: when he saw defendant with his hand down the front of Bean's pants, Pease pulled the car to the side of the road, got out of the car, opened the back door and pulled defendant away from Bean. As he did this, Pease noticed a clear plastic cellophane-type bag come out of the front of Bean's pants. Defendant broke the bag open and spilled a small amount of tan powder, but the officer immediately recovered the bag and its remaining contents. Pease then informed both defendant and Bean that they were under arrest for possession of heroin. He continued transporting defendant and Bean to the station, where he inventoried the plastic bag and its contents.

On cross-examination Pease admitted that he did not know how many people were in the apartment when he heard the voices, that he did not know if a narcotics transaction had taken place in that apartment, that when he saw defendant exit the apartment he did not know if defendant had spoken to anyone in the apartment, and that when he saw defendant hand the bag to Bean he did not know what the bag contained. Pease also testified that he did not include in his report the fact that he recovered contraband when he stopped his police car on the way to the station.

Officer Gabriel testified that he heard a voice in the apartment state "I'll give you 275 grams," but that a second voice was low and mumbled so that he could not understand what was said. Gabriel then heard the first voice say "I'll give you $300." At no time did Gabriel testify that he heard the word "heroin" used by either party in the apartment. Finally, Gabriel described the object defendant passed to Bean in the car as "a plastic envelope."

After all the evidence was presented, defendant sought a reconsideration of the trial judge's denial of his motion to rehear the motion to suppress evidence. The judge refused, stating:

"Okay. I've already ruled on the Motion to Suppress. I believe by case law and by the evidence that was shown to me to reopen it, that the Court was not permitted to do so and change the result of [the previous judge's] ruling, nor am I at all concerned that [he] ruled improperly. There's absolutely no question that the police officers had reasonable suspicion at that time, and I believe they had probable cause to believe that both defendants were committing a crime."

The jury found defendant guilty of possession of a controlled substance and the trial court sentenced him to 18 months' imprisonment with a fine of $450. Defendant now appeals both the denial of his motion to suppress and his conviction.

OPINION

Defendant contends that he was arrested without probable cause and that any evidence resulting from his unlawful arrest should have been barred. He maintains that the judge at the preliminary hearing erred in denying his motion to suppress evidence and that the trial judge erred in denying his motion for a rehearing of the motion to suppress. He is aware of the ruling that the doctrine of collateral estoppel bars the relitigation of an order sustaining the validity of a search, in the absence of additional evidence or peculiar circumstances (*People v. Hopkins* (1972), 52 Ill. 2d 1, 284 N.E.2d 283), but argues that there are unusual circumstances in this case. The State responds that there was probable cause to arrest defendant and that the judge's denial of defendant's motion to suppress was not manifestly erroneous and therefore should not be disturbed on review. *People v. Stout* (1985), 106 Ill. 2d 77, 88, 477 N.E.2d 498.

■ The test to determine if probable cause to arrest exists is whether a reasonable man would believe that an offense has been committed and that the person arrested has committed the offense. (*People v. Moody* (1983), 94 Ill. 2d 1, 445 N.E.2d 275.) The inquiry

must focus on what was done and known by the police and what the facts, objectively viewed, prove. (94 Ill. 2d at 8.) The evidence must be viewed as a whole in determining probable cause. 94 Ill. 2d at 8.

The State relies on *People v. Eichelberger* (1982), 91 Ill. 2d 359, 438 N.E.2d 140, *cert. denied* (1982), 459 U.S. 1019, 74 L. Ed. 2d 514, 103 S. Ct. 383, in support of its assertion that there was probable cause to arrest defendant. In that case, the police suspected that Eichelberger was selling contraband in his room at a local hotel. An informant arranged to make a "controlled buy" from Eichelberger, while the police waited in the hallway and in the next room. Through a slight opening in the door of Eichelberger's hotel room the police overheard the informant ask Eichelberger whether he had some "grams" (which the police took to mean opium), and Eichelberger answered in the affirmative. Thereafter, the informant said that he wanted to buy some "grams," and Eichelberger replied "You got it." At that point the police entered Eichelberger's hotel room, arrested him and found LSD in the subsequent search. The issue in the case before the supreme court was whether there were exigent circumstances allowing the police to enter Eichelberger's room and arrest him without a warrant and, in holding that there were, the court found that an offense had been committed in the officers' presence.

■ The facts are similar in the instant case. Here, the police reasonably believed that they had heard a narcotics transaction take place in the apartment, they observed defendant exit the apartment holding a plastic bag, which he passed to Bean, who then hid it. Although here there was no informant, as there was in *Eichelberger*, the facts known to the police gave them a reasonable belief that the bag contained narcotics which had been purchased in the apartment. Considering the totality of the circumstances, the police had a reasonable belief that defendant had committed an offense in their presence, even though they had not seen it occur, and thus they had probable cause to arrest defendant. *Eichelberger*, 91 Ill. 2d at 369.

Defendant next contends that the trial judge erred in not rehearing the motion to suppress, claiming that the following constitute circumstances sufficiently unusual to warrant a rehearing:

    (1) lack of jurisdiction by the preliminary hearing court to hear defendant's motion to suppress;

    (2) failure by the preliminary hearing judge to follow the law;

    (3) failure by defendant's original attorney to file a written motion to suppress; and

    (4) the judge's failure to state his findings of facts and conclusions of law when denying the motion to suppress.

The State responds that defendant presented no new evidence or unusual circumstances which would warrant a rehearing, and that, therefore, the judge properly denied the motion for rehearing.

■ Defendant's contentions are incorrect: a preliminary hearing judge does have jurisdiction to rule on a motion to suppress. (*People v. James* (1976), 44 Ill. App. 3d 300, 358 N.E.2d 88.) Because only one witness testified at the hearing on the motion to suppress, there was no dispute as to the facts and thus no need to make a factual finding. (*People v. Holloman* (1970), 46 Ill. 2d 311, 263 N.E.2d 7.) The preliminary hearing judge did state his conclusions of law when he said that he believed the police acted properly and did not violate defendant's fourth amendment rights. Defendant's original attorney did file a written motion to suppress; the fact that it was of the "boilerplate" variety does not detract from its form.

■ Defendant contends that the trial judge erred in denying his motion for a rehearing, because he should have corrected the preliminary hearing judge's improper denial of the motion to suppress. (*People v. Caballero* (1984), 102 Ill. 2d 23, 35-36, 464 N.E.2d 223 ("Additionally, as this court noted in *Braden* [*People v. Braden* (1966), 34 Ill. 2d 516, 216 N.E.2d 808] the pretrial ruling on suppression is not final and may be changed or reversed at any time prior to final judgment"); *People v. McCarty* (1973), 11 Ill. App. 3d 421, 422, 296 N.E.2d 862 ("The trial judge indicated some doubt about the search but apparently thought he was bound by the incorrect ruling of another judge on a motion to suppress evidence made before trial. He was not bound by the prior ruling. On the contrary he had a duty to grant defendant's motion to suppress the evidence when it was shown to have been obtained by an illegal search").) However, inasmuch as defendant did not present new evidence or peculiar circumstances which warranted a reconsideration of his motion, the trial judge correctly denied his motion for a rehearing. (See *People v. Hopkins* (1972), 52 Ill. 2d 1.) Moreover, we have held that the motion to suppress was properly denied; therefore, there was no error to correct.

Defendant next contends that he was denied his right to effective assistance of counsel during his preliminary hearing. He charges that his attorney was incompetent because he proceeded with the motion to suppress although he was unprepared to argue it, he did not utilize discovery procedures, and he represented both defendant and Bean even though "an apparent conflict of interest existed in that both defendants were charged with possession of the same item of contraband and whose defenses, if any, were contradictory." However, it does not escape us that defendant also seems to be saying that his

counsel was incompetent because the judge ruled against him.

In alleging that he has received ineffective assistance of counsel, a defendant must prove that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. (*People v. Albanese* (1984), 104 Ill. 2d 504, 525, 473 N.E.2d 1246, citing *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct 2052.) There is a strong presumption that counsel's conduct "falls within the wide range of reasonable professional assistance." (*Albanese*, 104 Ill. 2d at 526, 527, quoting *Strickland v. Washington* (1984), 466 U.S. 668, 689, 80 L. Ed. 2d 674, 694-95, 104 S. Ct. 2052, 2065.) Furthermore, a defendant is entitled to competent, not perfect or successful, representation. *People v. Rangel* (1987), 163 Ill. App. 3d 730, 576 N.E.2d 936.

Defendant has not shown that his counsel's representation fell below an objective standard of reasonableness. The record indicates that his attorney competently, albeit unsuccessfully, presented the motion to suppress. Additionally, contrary to defendant's complaint, as we have discussed previously, there was a written motion filed. Defendant claims that defense counsel had a conflict of interest in representing both defendant and Bean, but he does not specify just what that conflict might be in the context of the motion to suppress. In that motion, defendant was contending that there was not probable cause to stop and search him, not that he did not have possession of the heroin. As the trial judge noted, a conflict of interest might arise at the time of trial, but there was not one at the time the motion to suppress was made.

Finally, defendant argues that he was not proved guilty beyond a reasonable doubt. The police testified that they heard defendant participate in a narcotics transaction and that the bag he handed Bean contained heroin. The jury believed this testimony and convicted defendant of unlawful possession of a controlled substance. We find no error in that verdict.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

BILANDIC and EGAN, JJ., concur.